STEINES *v.* FRANKLIN COUNTY.

1. The decision of the highest court of a State in granting or refusing to grant a motion for a rehearing in an equity suit is not re-examinable in this court under any writ of error which the court can issue to review the judgment or decree of a State court.

2. Where the record only shows that a particular judgment was given by the highest State court, no writ under the 25th section lies if the judgment *may* have been given on grounds which that section does not make cause for error, as well as upon some ground which it does so make.

MOTION by *Mr. F. A. Dick* (*Messrs. Crews and Letcher opposing*) to dismiss a writ of error to the Supreme Court of Missouri; taken on an assumption that the case came within the 25th section of the Judiciary Act, quoted *supra*, pp. 5, 6.

Mr. Justice CLIFFORD delivered the opinion of the court.

Jurisdiction may be exercised by this court in three classes of cases where a final judgment or decree in any suit in the

highest court of a State in which a decision in the suit could be had, is brought here by virtue of a writ of error to the State court, as authorized to be issued under the act to amend the act to establish the Federal judicial courts.*

First. Where is drawn in question the validity of a treaty' or statute of, or authority exercised under, the United States, and the decision is against their validity.

Secondly. Where is drawn in question the validity of a statute of, or an authority exercised under, any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity.

Thirdly. Where any title, right, privilege, or immunity is claimed under the Constitution or any treaty or statute of, or commission held, or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity specially set up or claimed by either party under such Constitution, treaty, statute, commission or au- thority.

Certain taxpayers of the county complained in the State court that the County Court of the county entered into a written agreement with the parties therein named to con- struct a certain county road and to pay the contractors for the work and materials in constructing the same the several sums and at the rates therein specified; that the County Court agreed to make the payments in the bonds of the county, and that the contractors agreed to accept the bonds of the county in payment of all claims under the contract; that bonds of the county to the amount of two hundred and five thousand dollars were accordingly issued by the County Court, and were, by the authority of the County Court, de- livered to the contractors; that the County Court did not, before making the contract, submit the amount of the pro- posed expenditure to the voters of the county at any election whatever, general or special, at any time or in any manner,

---

* 1 Stat. at Large, 85; 14 Id. 386.

as required by the law of the State in such case made and provided.

Complaint is also made that the County Court afterwards, on the second of July, in the same year, passed an order making the bonds transferable by the indorsement of the contractors, and directed that the clerk should indorse the order on the back of the bonds; and that the County Court on the following day also ordered the county clerk to reissue one hundred and eighty-six bonds in substitution of the same number previously delivered, to correct an error in their execution; and also that the County Court, on the sixth of May, in the following year, ordered the county clerk to issue bonds for the purpose of exchanging and taking up all bonds previously issued for the construction of such roads and bridges, whether completed or in the progress of construction, it being understood that all bonds issued prior to that date should be cancelled and destroyed, and that warrants should also issue for the payment of such interest as had accrued to that time, and the charge is that bonds were issued under that order to an amount equal to the whole amount of the bonds held by the contractors and all other holders, amounting in the aggregate, reckoning both issues, to six hundred thousand dollars, and that warrants for the payment of interest to that date, amounting to thirty thousand dollars, were also issued, and yet the complainants charge that the bonds previously issued have never been cancelled, delivered up, or destroyed, but that they remain to this day a charge against the property-holders and tax-payers of the county.

They also charge that the original agreement was, by collusion between the judges of the County Court and the contractors, fraudulently antedated and made to bear a rate of interest greater than the legal rate at the time the agreement was actually executed, and they also charge the fact to be that the road is not made nor the work performed in accordance with the contract and specifications, and that the County Court, or a majority of the judges thereof, acting collusively with the contractors, fraudulently connived at these flagrant

violations of the contract to the great injury and oppression of the property-holders and taxpayers of the county.

Other acts equally fraudulent and oppressive are also charged against the respondents in the bill of complaint, and the complainants finally allege that the contract and agreement, and all the orders of the County Court based upon the same or in relation thereto, are without authority of law and contrary to the provisions of the statute applicable in such cases, and that the bonds are fraudulent, null, and void; and they pray that an order may be made declaring that the contract and agreement, and all the orders of the County Court based upon the same or in relation thereto, are null and void and of no effect, and that the parties holding the bonds shall deliver the same up, that the same may be cancelled, annulled, and held for nought, and that an injunction may be issued enjoining and restraining the respondents from negotiating, selling, transferring, or disposing of the bonds, and enjoining and restraining the county and the county treasurer from paying the same, either interest or principal.

Service was made and the respondents appeared and filed an answer, in which they admit that the County Court did not submit the amount of the proposed expenditure to the voters of the county, but they deny that it was required by law that the County Court should do so before making the contract for the construction of the road. They admit that interest was paid as alleged and that the bonds of the county in lieu of those first issued were reissued to the contractors, but they aver that it is not true that bonds of the county were reissued to any other persons, and they deny that the bonds of the county were issued to any greater amount than two hundred and five thousand dollars, or that any greater amount was ever paid to the contractors on account of the road described in the contract; and they also aver that a like amount of bonds in lieu of those reissued were at the same time given up, cancelled, and retired.

Apart from the merits they also deny that the agreement **was** antedated as alleged, and they also controvert each and

every illegal and irregular act set up in the bill, and specifically deny all charges of fraud, collusion, and want of good faith therein alleged and imputed, and they aver that they have complied in all respects with their obligations and duties in the premises.

Amendments were afterwards made to the bill and new parties respondents were added; and the complainants filed the general replication and the parties proceeded to take proofs, and having been fully heard upon the merits, the court made the following finding of facts: That none of the allegations of fraud or collusion are proved, and that no fraud, collusion, or conspiracy existed as charged; that the bonds in question were not, nor were any of them, issued without authority of law, and that the same were and are valid, and were issued under legal authority; that the contractors were not the holders or owners of any of the bonds at the commencement of the suit, and that the defendants who were holders of the bonds at that time became such in good faith for value, and that they were and are innocent holders and unaffected by any irregularity which may have existed in the issue of the bonds. Consequently the court denied the prayer of the complainants for an injunction and dismissed their bill of complaint. Exceptions were filed by the complainants, pursuant to the practice in that court, and the cause was removed into the Supreme Court of the State, where the decree of the subordinate court was in all things affirmed.

Argument to show that the case as exhibited in the pleadings does not present any question cognizable in this court under a writ of error to a State court is hardly necessary, as neither the bill of complaint nor the answer contains any averment which would warrant such a conclusion or which has any tendency to support such a theory. Instead of that the bill is an ordinary bill to set aside a contract alleged to have been executed by the officers of a county without authority of law, and for an injunction to enjoin and restrain the county from paying certain bonds issued under the con-

tract to pay certain contractors for the construction of a certain road described in the contract, and from levying any taxes upon the property-holders of the county for that purpose, because the bonds, as the complainants allege, were issued without authority and contrary to law and through fraud and collusion between the County Court and the contractors; and also to enjoin and restrain the holders of the bonds from transferring or otherwise disposing of the bonds to other parties.

Clearly the pleadings do not present a case where is drawn in question the validity of, or an authority exercised under the United States; or where is drawn in question the validity of a statute of, or an authority exercised under, any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States; or where any title, right, privilege, or immunity is claimed under the Constitution or any treaty or statute of or commission held or authority exercised under the United States; or where is drawn in question the construction of the Constitution or of a treaty or statute of, or commission held under, the United States, as the language is in the corresponding provision of the Judiciary Act. Cases not falling within one or the other of the three classes of cases mentioned are not re-examinable in this court under a writ of error to a State court, as the court possesses no other appellate jurisdiction in such cases than that conferred by those provisions. Apply that rule to the present case and it is as clear as anything in legal investigation can be that the pleadings in the case do not present any question re-examinable in this court under a writ of error to a State court.

Final judgments and decrees only of a State court are re-examinable in this court, and before the court can entertain jurisdiction to re-examine such a judgment or decree, it must appear, either by express averment in the pleadings or by clear and necessary intendment, that some one of the questions mentioned in the twenty-fifth section of the Judiciary Act or in the second section of the act to amend the Judiciary Act was raised in the State court and that it was

there decided in the manner therein required to give this court such appellate jurisdiction, or that the State court could not have reached the conclusion it did without deciding the question and in the manner required by those provisions to give this court jurisdiction in the case.*

Clear and necessary intendment that the question was raised and must have been decided as claimed, in order to have induced the judgment, is sufficient, but it is not sufficient to show that such a question might have arisen and been applicable to the case, unless it appears in the record that it did arise and was applied by the State court in disposing of the controversy.†

Had the record stopped there the case would be free of all difficulty, but it does not stop there, as appears by the return to the *certiorari* granted by this court. On the contrary, the respondents afterwards moved the court to set aside the decree and to grant a rehearing of the cause for the following reasons, among others not necessary to be mentioned: (1.) That the act of the legislature under which the bonds in controversy were issued is null and void because it is repugnant to the constitution of the State. (2.) That the act in question is null and void because it is repugnant to the Constitution of the United States, which forbids a State to pass any law impairing the obligation of contracts or to deprive any person of life, liberty, or property without due process of law; and the proposition submitted is that the State law in question is repugnant to both of those provisions.

Much discussion of either proposition is not required, as the court is of the opinion that the decision of a State court in granting or refusing a motion for rehearing in an equity suit is not re-examinable in this court under any writ of error which this court can issue to review the judgment or decree of a State court. Beyond doubt the respective aver-

---

* Rector v. Ashley, 6 Wallace, 147.

† Hamilton Co. v. Massachusetts, 6 Wallace, 636; Furman v. Nichol, 8 Id. 56; Crowell v. Randell, 10 Peters, 368.

ments in question, if they had been embodied in the bill of complaint, would have been sufficient to raise questions re-examinable in this court, and if it had also appeared that one or both of them had been decided in the manner required to give this court jurisdiction in such a case, or that the State court could not have reached the conclusion it did without deciding the question in that way, it would be plain that the motion to dismiss ought not to be granted. Necessary jurisdictional allegations cannot properly be introduced for the first time on a motion for rehearing, as the motion itself is one addressed to the discretion of the court and one in which the decision of the court in granting or refusing it is not subject to review in an appellate court.* Such a motion is not founded in a matter of right, but rests in the sound discretion of the court.† Matters resting in the discretion of a subordinate court cannot be assigned for error in an appellate court.‡ Exceptions do not lie to the granting or refusing a new trial in a suit at law, nor will an appeal lie from the Circuit Court to this court from an order of the Circuit Court in granting or refusing a petition for rehearing in an equity suit for the same reason, which is that the motion in the one case, or the petition or motion in the other, is alike addressed to the discretion of the court, as shown by all the decisions in the Federal courts.

Even if it could be admitted that the questions suggested were raised in the case by the motion for rehearing, it certainly does not appear that either of them was decided in a way to give this court jurisdiction, as it is quite obvious that the motion may have been denied upon grounds altogether distinct from any question which is re-examinable in this court. All the information the record contains upon the

---

* Thomas *v.* Harvie's Heirs, 10 Wheaton, 151; Peck *v.* Sanderson, **18** Howard, 42.

† Daniel *v.* Mitchel, 1 Story, 198; Dexter *v.* Arnold, 5 Mason, 315; Story's Equity Pleading (7th ed.), §§ 412, 417; Brown *v.* Aspden, 14 Howard, 25; Emerson *v.* Davis, 1 Woodbury & Minot, 21; Jenkins *v.* Eldridge, 3 Story, 299; Public Schools *v.* Walker, 9 Wallace, 603; United States *v.* Knight, 1 Black, 488; Same *v.* Samperyac, Hempstead, 118.

‡ Murphy *v.* Stewart, 2 Howard, 263; Morsell *v.* Hall, 13 Id. 212.

subject is that the motion was subsequently overruled, unaccompanied by any statement as to the grounds of the decision, but it is quite clear that it may have been denied because that objection to the bonds was not made in the bill of complaint, or because the subsequent act of the legislature confirmed the doings of the County Court under the prior act, or because the court was of the opinion that the subsequent acts of the County Court or other officers estopped the county from setting up that defence to the bonds in the hands of innocent holders, or for many other reasons which might be suggested, wholly irrespective of the questions which it is supposed may be re-examined in this court. Suppose, therefore, it does appear that one or more of the questions which give jurisdiction under such a writ of error was presented in the motion for rehearing, and that such a question may properly be presented in such a motion, still the motion to dismiss must prevail in this case, because the record shows that the motion might have been denied upon other grounds, and it does not appear, even if those questions did arise in the case, that either of them was decided by the State court, or that the supposed erroneous rule was applied by the State court in disposing of the controversy.*

Viewed in any light the case fails to show that this court has any jurisdiction of the controversy, and the writ of error is

DISMISSED FOR THE WANT OF JURISDICTION.

---

* Hamilton Co. v. Massachusetts, 6 Wallace, 636.