BUFFINGTON *v.* HARVEY.

1. The court approves the ruling in *Whiting et al.* v. *The Bank of the United States*, 13 Pet. 6, and *Putnam* v. *Day*, 22 Wall. 60, that the only questions open in a bill of review, except when it is filed on the ground of newly discovered evidence, or contains new matter, are such as arise upon the pleadings, proceedings, and decree.
2. Should such a bill set forth the evidence in the original cause, a demurrer, specially assigning that error alone, should be sustained, or the evidence might, on motion, be stricken out; but a general demurrer must be overruled, if the bill shows any substantial error in the record.
3. Granting a rehearing, or granting or dissolving a temporary injunction, rests in the sound discretion of the court, and furnishes no ground for an appeal.
4. To a bill filed by the assignee in bankruptcy to set aside, as a fraud upon creditors, a conveyance of real and personal property by the bankrupt, the latter is not a necessary party.

APPEAL from the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Thomas J. Henderson* for the appellant.

No counsel appeared for the appellee.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to a bill of review, and dismissing the bill, the effect of which is to leave the decree in the original cause in full force and effect. The only questions open for examination on this appeal are such as were open on the bill of review, and these, as shown in *Whiting et al.* v. *The Bank of United States*, 13 Pet. 6, and *Putnam* v. *Day*, 22 Wall. 60, were only such as arose upon the pleadings, proceedings, and decree, without reference to the evidence in the cause. The decision of the court upon the issues of fact, so far as they depend upon the proofs, are conclusive on a bill of review. It was error, therefore, to insert in the bill, as was done in this case, the evidence taken in the original cause. Had this error been specially assigned, the demurrer might have been sustained on that ground alone, or the evidence might have been stricken out of the bill as surplusage, on motion. But as the demurrer was a general one, if the bill of review showed any substantial error in the record,

the demurrer should have been overruled, and the original decree should have been opened or reversed. 2 Smith, Ch. Pr. 56, 63. A general demurrer must be overruled if the pleading demurred to contain any good ground to support it. It was the duty of the court below, therefore, to inquire whether the record, exclusive of the evidence, contained any substantial error pointed out by the bill of review. 2 Smith, Ch. Pr. 57. The result to which the court came was that no such error existed; and therefore the demurrer was sustained, and the bill of review was dismissed.

The errors assigned to this decree are five: 1st, Because the court sustained the demurrer; 2d, because it entered a decree for the complainant; 3d, because it overruled a petition for a rehearing; 4th, because it found the issues for the complainant; 5th, because it overruled a motion to dissolve the injunction. The three last assignments are totally inadmissible. The granting of a rehearing is always in the sound discretion of the court, and, therefore, granting or refusing it furnishes no ground of appeal. *Steines* v. *Franklin County*, 14 Wall. 15. The granting or dissolution of a temporary injunction stands on the same footing. The granting of a permanent injunction is part of the final decree, and abides the fate of the decree itself. And as to the finding of the issues for the complainant, that, as we have seen, is not a matter that can be examined on a bill of review. The only assignment, therefore, which we can recognize, is the general one, that the court erred in sustaining the demurrer to the bill of review, and entering a decree for the complainant.

We must look, then, at the bill of review, and see whether it points out and demonstrates any substantial error in the pleadings, proceedings, or decree, supposing the issues of fact to have been properly passed upon by the court. In order to understand the force and effect of this bill, however, it will be necessary to state the nature and objects of the original suit.

The bill in the original cause was filed on the 20th of March, 1872, by Harvey, the present appellee, as assignee in bankruptcy of one Isaac Fitzgerrel, against Titus Buffington, the appellant, to set aside a conveyance of real and personal property made by the bankrupt to Buffington on the thirtieth day

of December, 1867. It is alleged that this conveyance was made by the bankrupt in contemplation of insolvency, to put his property out of his hands, so as to hinder and delay his creditors, and to defeat the operation of the bankrupt law; that it was a pretended sale, without any real consideration, though Buffington's notes were given therefor at long dates; and various circumstances with regard to the bankrupt remaining in possession of the property and using and disposing of it as his own, are detailed as evidence of the fraudulent intent.

To this bill the defendant filed an answer, in which he insisted on the *bona fides* of the transaction, endeavored to explain the circumstances charged in the bill as evidence of fraud, and alleged that, on a petition to have Fitzgerrel declared a bankrupt, an injunction had been issued against the defendant in April, 1868, prohibiting him from selling or disposing of the goods, but was afterwards dissolved, and he supposed the question of his title was settled. This answer being excepted to, a second and third answer were filed by the defendant, going more into detail of the circumstances of his connection with the property, and stating that the injunction against him was dissolved after a full hearing in June Term, 1868.

The plaintiff filed a general replication, the cause went to proofs, and a large amount of evidence was taken. A final decree was made on the 3d of February, 1873, by which the conveyances in question were set aside and vacated, and the defendant was directed to deliver up possession of the lands, and to pay the sum of $3,891.88 to the assignee, besides costs. A motion was made for a rehearing, and was refused, and the bill of review was filed in October, 1873.

As before stated, this bill not only sets forth the pleadings, proceedings, and decree in the original suit, but all the evidence taken therein. The only errors assigned in the bill relate to the facts as supposed to be evinced by the evidence. After stating the pleadings, evidence, and decree, the bill proceeds thus : —

" Your orator would further represent unto your Honor that he believes that there is manifest error in finding the issues for the complainant on the foregoing evidence; that said evidence is insufficient to sustain the said decree because of want of proof to sustain

the bill, and that the bill should have been dismissed; also, because the evidence shows that more than two years had elapsed from the making of the deed and before the bill was filed, and that, therefore, by the Statute of Limitations, the bill could not be sustained.

"And your orator would further assign for error the fact that the decree in this cause made gives a judgment against the defendant for a larger sum of money by over $1,000 than there are debts proven against the bankrupt.

"Also, the fact, shown by the evidence of Barkley and Forth, that they had known Fitzgerrel for more than ten years, and that they had no reason to suppose that he was insolvent or contemplated insolvency, corroborating the evidence of Buffington, that he had no reasonable cause to believe the said Fitzgerrel to be insolvent when he purchased the property."

These are all the errors assigned in the bill. A bare statement of them is enough to show that the bill of review was totally misconceived. It attempted to review the decision of the court solely upon the facts as evinced by the evidence, which, as we have seen, is entirely inadmissible on such a bill.

The appellant, in his brief, insists upon the lapse of more than two years after the cause of action accrued before the original bill was filed, relying upon the period of limitation prescribed in the second section of the bankrupt law. Rev. Stat. 5057. But the record does not show, independently of the evidence (and we do not know that it appears even by that), when the cause of action did accrue. The bill shows, it is true, that the conveyance alleged to be fraudulent was made in December, 1867, and the bill was not filed till March, 1872; but that is not decisive of the question. The cause of action does not accrue to the assignee until his appointment; and when the assignee in this case was appointed does not appear. The bill says that the present assignee was appointed in 1871, which is within the time of limitation. If there was a prior assignee, the time of his appointment is not shown. Besides, the defendant did not set up the Statute of Limitations in his answer. We hear of this defence for the first time in the bill of review.

The appellant also insists that the original bill was defective

for want of parties in not making the bankrupt a party. This objection is not even made in the bill of review, and was not made in the original cause; and, if it had been made, in our judgment it would not have been a valid objection. The bankrupt had no interest to be affected except what was represented by his assignee in bankruptcy, who brought the suit. As to the bankrupt himself, the conveyance was good; if set aside, it could only benefit his creditors. He could not gain or lose, whichever way it might be decided.

To avoid misapprehension in what we have said with regard to the proceedings on a bill of review, it will be observed that in this case the bill is a pure bill of review, containing no new matter, such as an allegation of newly discovered evidence, or any thing else of an original character admissible in such a bill. What we have said is specially applicable to the case before us. Bills containing new matter, of course, are in the nature of original bills, so far forth as such new matter is concerned, and admit of an answer and a replication, and proceedings appertaining to an issue of fact; but only as it relates to the truth and sufficiency of such new matter, and the propriety of its admission for the purpose of opening the decree in the original cause. If decided to be founded in fact, sufficient to affect the decree, and properly admissible, the original decree will be opened, and, if necessary, a new hearing had; but, if not so found, the bill of review will be dismissed, and the original decree will stand. But even in this case, as well as in that of a pure bill of review, the evidence in the original cause cannot be discussed for the purpose of questioning the propriety of the original decree as based on such evidence. It can only be adverted to, if at all, for the purpose of showing the relevancy and bearing of the new matter sought to be introduced into the cause.                                    *Decree affirmed.*