Galloway *v.* Dunnington.

WILLIAM GALLOWAY *v.* F. C. DUNNINGTON, Adm'r.

CHANCERY PLEADINGS AND PRACTICE. *Rehearing. Appeal.* A rehearing in equity upon the record as it existed at the original hearing, is not a matter of right, but rests in the discretion of the court, and no appeal lies from an order refusing the application.

## FROM MAURY.

Appeal from the Chancery Court at Columbia. H. T. GORDON, Ch.

BARNETT & HUGHES for complainant.

———— for defendant.

COOPER, J., delivered the opinion of the court.

This suit in chancery being then upon an order of reference to the master, the parties, at the December term, 1873, entered into a written agreement "to refer the same to W. B. Gordon," to try the cause and render a decree as special chancellor without any report from the master. The cause was thereupon heard by the person designated on the merits and the bill dismissed. The complainant prayed an appeal to the next term of this court, which was granted upon condition that he give bond with security for costs. At the same term, another entry on the minutes shows that the complainant came, by his solicitor, and moved the special chancellor to rehear the cause, "and there

not being time sufficient to hear said motion, the counsel of defendant being also absent, said motion is continued to the next term of the court, at· which time said motion will be heard." No further step seems to have been taken by the complainant upon his motion until November 6, 1875. On that day, there is an entry on the minutes to the effect that the cause was further heard before the special chancellor, "upon the application for a rehearing continued to that term," and the application refused, "from all which proceedings" complainant prayed an appeal which was granted upon his giving bond with security on or before the rule day in December next. The bond given in compliance with this order recites that the complainant had prayed and obtained an appeal from a decree of the court at its October term, 1875.

When the cause was called at the present term of this court for hearing, the appellant did not appear, and the transcript of the record was not in court. It is now suggested that the transcript has been lost or mislaid, and has not been in the clerk's office, and so the clerk himself says, for several years. Under these circumstances, the appellee comes with a transcript of so much of the proceedings of the court below as show the above recited facts, and moves to dismiss the appeal, because it does not appear that a petition for rehearing was ever filed, and because an appeal does not lie from an order refusing an application to rehear.

One of the rules of the chancery court, enacted into a statute by the Legislature, does require a petition

for rehearing to be filed during the term at which the decree complained of was entered on the minutes, and to contain the special matter on which the rehearing is applied for, signed by counsel, and verified by oath or affirmation if the facts therein stated do not appear from the proceedings of the court: Rule XV. This court has held, independent of the rule, that it is not error to refuse an application to rehear made without a petition: *Frazier* v. *Tubb,* 2 Heis., 662; *Taylor* v. *Boyd,* 6 Heis., 611. Moreover, a rehearing in equity is not a matter of right, but rests in the discretion of the court: *Buffington* v. *Harvey,* 95 U. S., 99; *Johnson* v. *Tucker,* 2 Tenn. Ch., 244. And no appeal lies from an order refusing a rehearing: *Steines* v. *Franklin County,* 14 Wall., 15. The rehearing meant in these rulings is a rehearing upon the record as it existed at the first hearing. The appeal in this case seems to have been only taken from the order refusing the rehearing, and was only perfected as to that order by the proper bond. And, at any rate, as the appellant has not appeared, and offered to supply the lost record or claimed a hearing on the merits, the motion of the appellee will be allowed.

Appeal dismissed at costs of appellant.