## THE ALASKA.

### WRIGHT et al. v. THE ALASKA.

*(Circuit Court, S. D. New York. July 3, 1888.)*

1. COLLISION—SUDDEN SHEER.

   The steam-boat M., in an attempt to pass the S., which was bound in the same direction, suddenly sheered to the starboard, and thereby collided with the steam-boat A., bound in an opposite direction, on a course at a safe distance outside the S. The A. starboarded to let the M. break her sheer and recover her course, which the latter attempted, but failed. *Held*, that though the A.'s pilot, by porting his helm an instant before the collision, might have swung her stern enough to have enabled the M. to pass without touching, the failure to do so was no fault, but the sole cause of the collision was the previous fault of the M.

2. ADMIRALTY—JURISDICTION—CASE HEARD OUT OF DISTRICT UNDER STIPULATION—PRESUMPTION.

   Cross-libels for damages sustained in the same collision, one filed in the S. district and the other in the E. district, were tried together in the E. district, before the judge thereof, under stipulation, "to save two trials." The decree in the case in the S. district appeared on its face to have been made at a stated term held in that district by the judge of the E. district, and no application to set it aside was disclosed in the record. Under Rev. St. U. S. §§ 591–596, 600, under which such judge might have been designated to hold court for the S. district, *held*, that it would be conclusively presumed that he was actually holding such court when the decree was rendered, and that the decree was valid.

In Admiralty. Libel for damages. On appeal from district court. See 33 Fed. Rep. 527.

This suit was brought in the district court of the Southern district of New York, by Moses G. Wright and Gilbert A. Wright against the steam ferry-boat Alaska to recover damages sustained from a collision with the Morrisania. The libel was dismissed, and libelants appealed.

*McMahon & Handley*, for appellants.

*Wilcox, Adams & Macklin*, for appellees.

BLATCHFORD, Justice. I agree with the district judge that in this case the issue is as stated by him in his decision, and that, on that issue, the clear weight of the evidence is with the Alaska; that there was no fault in the navigation of the Alaska; and that the sole cause of the collision was the fault, on the part of the Morrisania, of suddenly sheering out from under the stern of the Superior, and across the course of the Alaska.

The libel in this case was filed on the 17th of June, 1887. On the 24th of June, 1887, the owners of the Alaska interposed a claim, and put in a stipulation for value, in the suit. On the 27th of June, 1887, they filed a libel against the Morrisania, in the district court for the Eastern district of New York, to recover for damages sustained by them in the same collision between the two vessels. The answer to the libel in the present suit was filed on the 13th of July, 1887, and the answer in the suit in the district court for the Eastern district was filed on the 18th of July, 1887. The suit in the district court for the Eastern district being reached for trial before the present suit was reached for trial, the claimants of the Morrisania moved in the district court for the Eastern district to stay all proceedings in the suit in that court until a trial should be had and a decree made in the present suit. The motion was denied. Thereupon a stipulation, entitled in the two suits, and signed by the proctors for the Morrisania and for her owners, and by the proctors for the Alaska and for her owners, was filed in the district court for the Eastern district, in these words:

"The secondly-entitled suit having come on to be tried in the Eastern district the first in point of time, and the court having denied the motion of the owners of the Morrisania to stay proceedings in said suit because of the pendency of the first suit in the Southern district, to save two trials, it is consented that the causes be heard together, and, when Judge BENEDICT is prepared to decide, that he decide both causes according to his opinion, and enter the decrees in the separate districts, according to the decisions respectively made."

The trials of both suits were then proceeded with and concluded as a single trial, in the Eastern district, before the district judge of that district. He having decided that the libel in the present suit must be dismissed, a certified copy from the district court for the Eastern district, of the stipulation above named, was filed in the district court for the Southern district, and a decree signed by Judge BENEDICT, who was the district judge for the Eastern district, was filed and entered in the district court for the Southern district, in the following words:

"At a stated term of the district court of the United States of America, for the Southern district of New York, held at the United States court-rooms, in the city of New York, on Wednesday, the 18th day of January, in the year of our Lord 1888. Present, the Hon CHARLES L. BENEDICT, Judge. Moses G. Wright, et al. against the steam ferry-boat Alaska, her engines, etc. This case having been heard, on the pleadings and proofs presented by both parties, with the case of the Brooklyn and New York Ferry Company against the Steam-boat Morrisania, etc., pursuant to a stipulation entered into by the proctors for the respective parties, a certified copy of which is on file in this court, and having been argued and submitted by the advocates for the respective parties, and due deliberation being had in the premises, it is now ordered, adjudged, and decreed by the court, that the libel herein be, and the same is hereby, dismissed, with costs to be taxed, and which have been taxed at the sum of thirty 70-100 dollars. On motion of Wilcox, Adams & Macklin, proctors for claimants, it is ordered, adjudged, and decreed, that the claimants recover herein against said libelants the amount of said costs taxed as aforesaid."

From that decree the libelants appealed to this court.

It is contended by the appellants that the judge of the Eastern district had no jurisdiction to try this case, or to sign and make the decree which was made herein; and that the stipulation could not and did not confer such jurisdiction. In *Merrill* v. *Petty*, 16 Wall., 338, there was a collision between a schooner and a sloop, in which the sloop was sunk. The owners of the sloop libeled the schooner in the Southern district of New York. The owners of the schooner sued the owners of the sloop in the Eastern district of New York, *in personam*. The suit in the Eastern district was first reached for trial, and the two cases were heard together by the judge of the Eastern district on the same proofs, by the consent of counsel, without being consolidated. On the decision of the judge a separate decree was entered in each district court. Respecting the consent to hear the causes at the same time before the judge of the Eastern district, where the *in personam* suit was pending, the supreme court remarked, that the arrangement was one merely to expedite a decision, and had no effect to withdraw the suit in the Southern district from the jurisdiction of the court in which it was commenced. So, in the present case, the stipulation did not transfer, or attempt to transfer, jurisdiction of the suit brought in the Southern district to the district court of the Eastern district. The arrangement was one, merely, as the stipulation said, "to save two trials," and, so far as appears, was wholly voluntary on the part of the libelants in the present suit.

The decree of the district court for the Southern district in the present case appears on its face to have been made at a stated term of that court held within the limits of that district. The case had been heard with the Eastern district case, by the judge of the Eastern district, within the Eastern district, by consent, "to save two trials," and it must be inferred, from the terms of the decree, that Judge BENEDICT was actually holding the district court for the Southern district, within that district, when the decree was entered. The record discloses no application to set aside the decree because such was not the fact, and it must be conclusively presumed that it was the fact, in view of the provisions of sections 591–596, and 600, of the Revised Statutes, under which Judge BENEDICT could have been designated and empowered to hold the district court for the Southern district. Let there be a decree dismissing the libel, with costs to the claimant in the district court, taxed at $30.70, and its costs in this court, to be taxed.