132 U.S. 103
 10 S.Ct. 12
 33 L.Ed. 277
 ROEMER
v.
NEUMANN et al.
 November 11, 1889.
 
 This was a bill in equity for the infringement of letters patent No. 208,541, granted to the plaintiff September 1, 1878, for improvements in locks for satchels, with the following specification and claims:
 'Be it known that I, William Roemer, of Newark, county of Essex and state of New Jersey, have invented a new and improved lock for satchels, traveling-bags, etc., of which the following is a specification:
 This invention relates to certain improvements in the construction of lock-cases of the kind described in letters patent Nos. 190,907 and 195,233, which were granted to me May 15, 1877, and September 18, 1877, respectively.
 The principal object of the invention is to reduce the expense of the lock-case, and to render the same more practical in form and construction.
 The invention consists, principally, in forming the body of the lock-case with open ends, and in combining the same with cast blocks or end pieces, which are separately made, all as hereinafter more fully described. In the accompanying drawing, figure 1 represents a bottom view of my improved lock-case; Fig. 2 is a vertical longitudinal section of the same; and Fig. 3 is a vertical transverse section of the same on the line, c, c, Fig. 1. Similar letters of reference indicate corresponding parts in all the figures. The letter A in the drawing represents the body or central portion of the lock-case. The same is made of sheet-metal or other suitable material, and bent into a U form, substantially as indicated in Fig. 3, so as to form the top, a, and the sides, b, b, of the lock-case. The bottom of the lock-case is open, and the ends of the portion, A, are also open. B, B, are pieces of cast-metal or other suitable material, constructed to fit into the open ends of the body, A, into which these blocks or plugs, B, B, are inserted, as clearly shown in Fig. 2. Each block, B, should have a shoulder, d, to limit the degree of its insertion into the shell, A, or of the insertion of the shell into the block. In use on a satchel or carpet-bag, the ends, B, B, after being inserted into the shell, A, or vice versa, in manner stated, are fastened to the satchel or bag by a bolt or pin that passes through an aperture, e, of the shell, A, and through a corresponding aperture, f, of the block, B, there being one such bolt or pin at or near each end of the piece, A; but the plugs or end pieces, B, B, may also be secured by additional or separate bolts, if desired, and so may also the shell, A. The blocks, B, may also serve, if desired, to secure the ends of the handle or the catches which close the jaws of the bag, and for other suitable purposes. The lock portion proper is, of course, contained within the shell, A, the drawing indicating the bolt, C, which is moved by means of the handle, g. The other parts of the lock are not necessary to show. By casting the pieces, B, B, the same mould may be used for both pieces, B, B, of one lock-case, and the entire case is made very inexpensive, and yet practical. The ends are adapted to shells, A, of suitable or varying lengths.
 I claim:
 (1) In a lock-case the combination of the body, A, having open ends with the end pieces, B, B, that are applied thereto substantially as herein shown and described.
 (2) The end pieces, B, B, of a lock-case made with shoulders, d, for defining their positions relative to the body, A, substantially as and for the purpose specified.'
 After an answered denying in due form novelty and infringement, and a general replication, the case was heard upon the pleadings and proofs in the circuit court, which rendered and filed an opinion dismissing the bill, and holding that while the defendant's lock would be an infringement of the plaintiff's patent, if the claims were good, yet, in view of the prior state of the art, the claims were void for want of novelty, unless they could be so limited by construction as to make end pieces, provided with notches or recesses to hold handle rings or catches, an essential feature of the invention; and that they could not be so limited, because, although the drawing showed end pieces provided with such notches, the notches were not in terms referred to, either in the specification or in the claims, as a part of the invention, nor in any way alluded to, except in the incidental observation in the specification that the blocks or end pieces 'may also serve, if desired, to secure the ends of the handles or the catches which close the jaws of the bag.' 26 Fed. Rep. 102.
 Immediately afterwards the plaintiff filed in the patent-office a disclaimer stating that he had reason to believe (being so informed by that opinion) that through inadvertence the specification and claims of the patent were too broad, including that of which the plaintiff was not the first inventor, and therefore disclaiming in each claim 'any blocks, B, that have not the notches formed in them as shown in the drawing for holding the handle rings, as described in the specification;' and thereupon, in order to enable him to avail himself of the disclaimer, filed a motion for a rehearing, and, upon the court declining to entertain the question upon that motion, filed a formal petition for a rehearing, which the court, upon argument and consideration, granted upon condition that the plaintiff should pay to the defendant all costs of suit up to the time of filing that petition, to be taxed by the clerk. The costs having been taxed accordingly, and the plaintiff having stated through his counsel in open court that he was unable to comply with the condition, a final, decree was entered dismissing the bill, with costs, and the plaintiff appealed to this court.
 A. V. Brieson, for appellant.
 F. H. Betts and J. E. Hindon Hyde, for appellees.
 Mr. Justice GRAY, after stating the facts as above, delivered the opinion of the court.
 
 
 1
 After the case had been heard and decided upon its merits, the plaintiff could not file a disclaimer in court, or introduce new evidence upon that or any other subject, except at a rehearing granted by the court upon such terms as it thought fit to impose. The granting or refusal, absolute or conditional, of a rehearing in equity, as of a new trial at law, rests in the discretion of the court in which the case has been heard or tried, and is not a subject of appeal. The terms imposed as a condition precedent to a rehearing not having been complied with, the disclaimer was not in the case. The construction which the court gave to the claims of the patent as originally issued was indisputably correct. So construed, it is hardly denied by the plaintiff, and is conclusively proved by the evidence, that the patent is void for want of novelty. Decree affirmed.