SMITH v. SIMPSON.

(Circuit Court of Appeals, Eighth Circuit. October 17, 1905.)

No. 1,919.

APPEAL AND ERROR—BRIEFS—STRIKING OUT.

A brief in the appellate court, which is not confined to a discussion of the merits of the case, but contains matters which are extraneous, irrelevant, and improper, including disrespectful references to the trial court, will be stricken from the files and not considered.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3102.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 69 S. W. 841.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The presentation of a case, the consideration of which is a pleasure to a court as well as a duty, is that which is devoted to the merits of the controversy between the contending parties, to the exclusion of all matters that are extraneous, irrelevant, or improper. It is a truth in professional ethics that the highest

courtesy on the part of counsel is consistent with the most earnest contention, and its almost universal recognition and observance is a source of gratification. But there is a wide departure from this standard in the brief filed by counsel for plaintiff in error. It is marked by contemptuous references to the court from which the record before us comes, of a character unwarranted and indefensible; and in order that such practice may not seem to be sanctioned or encouraged the brief will be stricken from the files of this court.

Counsel may submit new briefs within 60 days from the filing of this opinion, and in preparing the same he may, if he desires, also address himself to the following questions suggested by the record: May a writ of error be taken to review an order denying a motion for a rehearing? See United States v. Irrigation Company, 184 U. S. 416, 22 Sup. Ct. 428, 46 L. Ed. 619; Roemer v. Bernheim, 132 U. S. 103, 10 Sup. Ct. 12, 33 L. Ed. 277. Are the petition for the writ of error in this case and the writ itself directed alone to an attack upon the order of the Court of Appeals of the Indian Territory denying the motion for a rehearing, or are they sufficiently comprehensive to embrace the judgments of the trial court and of the Court of Appeals? May a proceeding in error be maintained in this court to review the final judgment of a court in the Indian Territory in which the assignment of errors ignores the intermediate judgment of affirmance of the Court of Appeals of the Territory? If not, is the assignment of errors appearing in the record before us confined to errors of the trial court, or does it also include errors of the Court of Appeals of the Territory?