# ADRIAANS *v.* REILLY.

---

PRACTICE; BILL OF REVIEW.

1. A bill of review must be founded on some error apparent upon the bill,

answer, and other pleadings and decree. While the evidence cannot be reviewed, yet the facts set forth in the pleadings and decree must be stated, for otherwise it is impossible to discover upon what the decision of the court in the original proceedings was based.

2. Whether a judgment is an enforceable lien at law against an equitable estate under the Code; whether a judgment is a lien, enforceable only by a bill in equity against an equitable estate under the Code; and whether, as between two judgment creditors of a common debtor, having only an equitable estate to respond thereto, the creditor who first files his bill in equity to enforce the lien acquires thereby priority over the other,—are questions which cannot be passed upon by this court on a bill of review, when it nowhere appears in the record that the debtor has any equitable estate.

No. 1603.    Submitted February 13, 1906.    Decided March 6, 1906.

HEARING on an appeal by the complainant from an order of the Supreme Court of the District of Columbia sustaining a demurrer to and dismissing a bill of review.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is taken from an order of the supreme court of the District of Columbia sustaining a demurrer to a bill of review and dismissing the same.

The bill of review recites that the appellant, John H. Adriaans, theretofore had filed a complaint against the defendants, William B. Reilly and Catherine M. Lingley, setting forth that he and the defendant Reilly had obtained judgments of the supreme court of the District of Columbia against the defendant Lingley; that Reilly's judgment was earlier in date, but that he took no proceedings to enforce it, while he, the complainant, had issued execution and filed a bill, or petition, in equity to enforce his judgment.    Upon this state of facts, he claimed that he was entitled to a declaration of priority of his judgment over that obtained by Reilly.    He further averred that the defendants in that proceeding had appeared and answered, admitting that Reilly had neither issued an execution, nor attempted by equitable proceedings to enforce his judgment.    Thereupon a final decree was entered dismissing his bill.    To review, reverse, and

set aside such decree, upon the ground that he was entitled to a declaration of priority of his judgment over the Reilly judgment, because Reilly had not sought to enforce his judgment, is the relief sought by the bill of review.

The defendants appeared and demurred to the bill of review upon the ground that the court had passed upon all of the things and matters set out in the bill of review, and had entered a final decree therein which could only be reviewed by an appeal to this court from such final decree.

The cause coming on to be heard upon the bill of review and the demurrer thereto, the court below sustained the demurrer, and dismissed the bill of review, and from that decree this appeal is taken. The transcript contains only the bill of review, the demurrer thereto, and the decree appealed therefrom. The record does not contain the original bill, answers, or the decree sought to be reviewed, or any of the proceedings in the original cause.

*Mr. Alfred D. Smith* for the appellant.

*Mr. J. G. Bigelow* for the appellees.

Mr. Justice DUELL delivered the opinion of the Court:

It is insisted upon the part of the appellees that there is no sufficient transcript of any record upon which this court can base any decision upon the merits. Counsel assert that, as it is necessary that the "bill of review must be founded on some error apparent upon the bill, answer, and other pleadings and decree," it is necessary that the bill of review should contain them, or in some manner set forth and make them a part of the bill. This is undoubtedly correct. While the evidence cannot be reviewed, yet the facts set forth in the pleadings and decree must be stated, for otherwise it would be impossible to discover upon what the decision of the court in the original proceedings was based. *Whiting* v. *Bank of United States,* 13 Pet. 6, 10 L. ed. 33; *Putnam* v. *Day,* 22 Wall. 60, 22 L. ed. 764; *Buffington* v. *Harvey,* 95 U. S. 99, 24 L. ed. 381.

In the case at bar there is nothing before us, as has been stated, save the bill of review, demurrer, and decree, and these do not disclose sufficient facts which form a basis for any ruling upon the points urged by the appellant. The first point which he presents is a statement that a judgment is not an enforceable lien at law against an equitable estate under the Code. So far as the record discloses, this question is not presented. Nowhere does it appear that appellee, Lingley, has any equitable estate sought to be reached. We are not at liberty to infer that the original proceeding, sought to be reviewed by the bill of review, presented any such question. Whether a judgment is a lien, enforceable only by a bill in equity against an equitable estate under our Code, being the second question presented by appellant, necessarily can no more be passed upon by us, under the record herein, than can the question first presented.

For the same reason, we are not at liberty to answer appellant's third contention that, as between two judgment creditors of a common debtor, having only an equitable estate to respond thereto, the creditor who first files his bill in equity to enforce the lien acquires thereby priority over the other. The record discloses that there are two judgment creditors and a common debtor, but nowhere does it appear that that debtor has any equitable estate.

As there is nothing in the record which affords a basis for any of the appellant's contentions, and as the court below, so far as the record discloses, could not have come to any different decision than it did, it follows that the decree appealed from should be, and it therefore is, affirmed, with costs.

                                                    *Affirmed.*


A motion by the appellant to vacate the decree of affirmance was overruled May 13, 1906.