SARAH C. McCLISTER v. L. H. MILLIGAN, Executor, et al.

Eastern Section.   October 31, 1925.

No petition for Certiorari was filed.

1. **Appeal and error.  Granting of a rehearing lies in the discretion of the trial court.**
   A petition for rehearing is not founded in matter of right, but is addressed to the sound discretion of the court. The exercise of that discretion cannot be assigned for error or reviewed in an appellate court.

2. **Appeal and error.  Where appeal taken only from order denying a rehearing nothing before appellate court for review.**
   In an action to recover from an executor and his surety where final judgment was entered against them and then motion for rehearing filed and the appeal was not taken from the judgment proper but from the order denying the rehearing, held nothing before the appellate court for review.

Appeal from Chancery Court, Hamblen County; Hon. M. H. Gamble, Chancellor.

Appeal dismissed.

W. T. Coleman, of Morristown, for appellant.

Chas. W. Margraves, of Rogersville, and J. Hallman Bell and W. N. Hickey, of Morristown, for appellee.

FAW, P. J. It is insisted by the appellee that the appeal in this case does not bring up for review the decree of the chancery court which the appellant assigns as error.

G. D. McClister died testate in Hamblen county, Tennessee, on February 23, 1916, and on February 26, 1916, his will was probated in Hamblen county, and defendant L. H. Milligan was named therein, and qualified as executor of said will.

The complainant, Sarah C. McClister, was the principal beneficiary of said will, although not the only devisee.

The bill in the present case was filed on February 9, 1920, against said executor and the Maryland Casualty Company, surety on his executor's bond, to procure an accounting and settlement of the administration of said estate.

A final decree in the cause was not reached until December 15th (or December 18th), 1924, and in the meantime a large record had accumulated, as evidenced by the transcript of more than 350 pages filed in this court.

The original complainant, Sarah C. McClister, died while the case was pending in the chancery court, and the suit was revived in the name of her executrix, Miss Ida C. Morrison.

The final decree embraces the rulings of the chancellor on numerous exceptions to a report of the master, but, after disposing of all the questions arising on the master's report, the chancellor finally decreed that complainant recover of the defendant L. H. Milligan, executor, and his surety, Maryland Casualty Company, the sum of $1949.48; and that complainant also recover of defendant L. H. Milligan (but not from his surety) the further sum of $1392.83, the same being the amount of a note for $1000, known in the record as the Hale & Lackey note, together with interest thereon from August 28, 1918, to the date of the decree.

Complainant was also granted a recovery against L. H. Milligan, executor, and Maryland Casualty Company, his surety, for the costs of the cause.

There was no appeal from the decree above mentioned; but the concluding paragraph thereof is in these words: "The defendant announced in open court that he desired to file a petition to rehear as to the Hale & Lackey note, whereupon it was agreed that the defendant might have five days from this date in which to file said petition, and when the same is filed the clerk and master will

notify the chancellor who will fix the time of hearing said petition at some time within ten days after the filing of said petition.''

On December 22, 1924, the defendant Milligan, through his solicitors, filed a petition praying for a rehearing of the cause to the end that said decree be reversed and set aside in so far as it grants a recovery against defendant and in favor of complainant for the amount of said Hale & Lackey note and interest.

Thereafter, on December 30, 1924, the chancellor dismissed said petition for a rehearing. The decree of the chancery court disposing of said petition for a rehearing and granting an appeal (the only appeal prayed or granted in the case) is as follows:

''This cause came on to be heard before the Honorable M. H. Gamble, Chancellor, on this the 30th day of December, 1924, pursuant to the orders of the court and by consent of parties upon the entire record, and more especially upon the petition to rehear as to the item of $1000 and interest thereon, known in this record as the Hale & Lackey note; also upon the motion of complainant to correct the decree so as to hold the defendant Maryland Casualty Company, surety, for said item of $1000 and interest thereon referred to in this record as the Hale & Lackey note.

''And the petition to rehear in the particulars mentioned having been read, and the motion on behalf of the complainant to hold said surety company liable for said item having been made and arguments of counsel heard, the court is of opinion and doth adjudge that said petition to rehear shall be disallowed and the motion of the complainant overruled, and the former decree entered in this cause be in all things adhered to, and execution awarded as in former decree adjudged.

''And to the action of the court in overruling his motion to hold rehear in the particulars therein set forth, the defendant L. H. Milligan, executor, excepts.

''And to the action of the cuort in overruling his motion to the surety company liable as above set forth, complainant reserves exception.

''And from the action of the court in overruling and disallowing his petition to rehear, the defendant prayed and is granted an appeal to the next term of the Supreme Court, to be held at Knoxville, on the second Monday in September, 1925, and by consent of the parties he is allowed thirty days from this date to make and file an appeal bond in the sum of $2800, with good and solvent sureties thereon, conditioned to pay said decree in case he is unsuccessful in said appellate court, and the cost of the cause and damages as may be adjudged against him.

''And the clerk and master of the chancery court at Morristown is directed, after said appeal bond is given and filed, to make out and

certify a full, true and complete transcript of the record in this cause to said Supreme Court, or such portions thereof as may be designated by the parties in writing under the requirements of law.

"This cause, upon the motion to rehear in behalf of the complainant and upon the petition of the defendant was heard on this the 30th day of December, 1924, by consent of parties. And it is agreed in open court before the chancellor that this decree shall be entered upon the minutes of the adjourned December term of the chancery court at Morristown, the same as if formally heard and decree entered at that term.

"M. H. Gamble, Chancellor."

It is seen that there was no broad appeal, but that the defendant's appeal was limited to "the action of the court in overruling and disallowing his petition to rehear."

There is but one assignment of error in this court, viz: that the chancery court erred in holding the defendant Milligan personally liable for the amount of the Hale & Lackey note.

We agree with the contention of appellee that the decree which the assignment of error purports to challenge was not brought up for review by the appeal; in fact, the appeal in this case did not bring up any matter open for consideration by this court. The refusal of the trial court to grant a rehearing is not open to consideration in the appellate court. Boesch v. Graff, 133 U. S., 699, 33 L. Ed., 788.

An application for a rehearing is "one addressed to the discretion of the court and one in which the decision of the court in granting or refusing it is not subject to review in the appellate court." Steines v. Franklin County, 81 U. S. (14 Wall.), 15, 22, 20 L. Ed., 846, 848.

In the case of Buffington v. Harvey, 95 U. S., 99, 100, 24 L. Ed., 381, 382, it is said: "The granting of a rehearing is always in the sound discretion of the court and, therefore granting or refusing it furnishes no ground of appeal."

The case of Steines v. Franklin County, and Buffington v. Harvey, supra, were cited with approval by Judge Cooper in Galloway v. Dunnington, 10 Lea, 216, 218, in support of the statement there made that "a rehearing in equity is not a matter of right, but rests, in the discretion of the court," and that "no appeal lies from an order refusing a rehearing." The court added (in Galloway v. Dunnington) that "the rehearing meant in these rulings is a rehearing upon the record as it existed at the first hearing."

In McLeod v. New Albany, 66 Fed. R., 378, 382, it is said that the petition for rehearing "is not founded in matter of right, but is addressed to the sound discretion of the court. The exercise of that discretion cannot be assigned for error or reviewed in an appellate court."

And in Bondholders, etc., v. Railway Co., 62 Fed. R., 166, it is said: "It is well settled that there can be no appeal from an order granting or refusing an application for a rehearing."

The order of the chancery court refusing to set aside an appealable decree is not appealable; the appeal should have been taken from the original decree. The mere negative action of a court of equity in declining to disturb its first decision is not reviewable. 2 Ency. of Pl. & Prac., p. 109.

Appellee asks (in her brief) that the decree of December, 1924, be affirmed, but we are without jurisdiction of the matters adjudicated in that decree. However, it was not vacated or suspended by the appeal.

The appeal will be dismissed, and the costs of the attempted appeal will be adjudged against the administrators of the defendant L. H. Milligan, pursuant to Section 4957, Shannon's Code, it appearing that L. H. Milligan has died since the record was filed in this and that L. N. Milligan and Tom Milligan are his administrators.

It should have been stated that this case was transferred to this court by the Supreme Court pursuant to the Act of 1925, ch. 100, reorganizing the Appellate Court System.

Heiskell and Owen, JJ., concur.