## CLARKE v. CHICAGO, B. & Q. R. CO. et al.
(two cases).

### CLARKE et al. v. SAME.
Nos. 656–658.

Circuit Court of Appeals, Tenth Circuit.
Dec. 19, 1932.

Rehearing Denied Jan. 21, 1933.

Charles S. Lobingier and Arthur M. Wickwire, both of New York City, for appellants.

J. L. Rice, of Denver, Colo. (J. C. James, of Chicago, Ill., and A. C. Scott and J. Q. Dier, both of Denver, Colo., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

This court, in Clarke v. Boysen, 39 F. (2d) 800, held that John T. and Ella R. Clarke were liable for the abatement of a public and private nuisance, which consisted of a superstructure on the Boysen Dam in Wyoming. Decrees were made, and sent to the lower court to be entered, requiring the Clarkes to abate the nuisance within a period of six months. The decrees were entered on June 17, 1930, by Judge Kennedy, United States Judge for the District of Wyoming, who had voluntarily held himself disqualified to try the causes. The Clarkes failed to comply with these decrees, and the Railroad Company, the party aggrieved, on February 3, 1931, petitioned the District Court of Wyoming to appoint an officer to enforce the decrees by abating the nuisance. Judge McDermott was assigned to hear the matter. On February 13, 1931, he made an order directing that unless the Clarkes removed the superstructure by April 1, 1931, the marshal should proceed to remove it. The Clarkes again failed to obey the court order. Seeking to avoid it they contended that the original decrees were erroneous, asked for a stay, proposed a compromise, and suggested an alternative way to correct the nuisance. Their contentions were overruled. The marshal received three bids for the removal of the superstructure, one for $37,475, another for $18,440, and a third for $6,850. The last bid was made by the Turpen Construction Company and the marshal, because of the amount, questioned its correctness. The company had not taken into consideration all the work required to be done. It revised the bid and raised the amount to $14,136, and it was accepted with the court's approval. In addition to the amount of the bids, Judge McDermott allowed $1,435 for a stairway, $1,023.66 for an inspector, and $172.05 for traveling and other expenses of the marshal. These amounts were paid out of advances made by the Railroad Company.

On July 24, 1931, the Railroad Company's motion for judgment against the Clarkes for costs came on for hearing, and was continued for a further hearing at a later date. It was stipulated that such further hearing might be had at Denver, and that any order made at Denver might be entered by Judge Kennedy at Cheyenne. A further hearing was held at Denver on September 15, 1931, and an order made awarding the Railroad Company judgment against the Clarkes for costs. Judge Kennedy entered this order at Cheyenne on October 30, 1931. A petition for rehearing was denied. The Clarkes have appealed.

It is contended that the signing and entering of the decrees of June 17, 1930, by Judge Kennedy was illegal, that the decrees were therefore void, and consequently all subsequent orders based thereon were nullities. This contention is wholly without substance. This court, in Clarke v. Boysen (C. C. A. 10) 39 F.(2d) 800, 822, directed that the decrees below be modified, and that the modified decrees be presented to this court. Such decrees were presented to and settled by this court and sent with the mandate to the United States District Court for the District of Wyoming with directions that they be entered. That court was powerless to enter decrees except in strict accord with the mandate. Osage Oil & R. Co. v. Continental Oil Co. (C. C. A. 10) 34 F.(2d) 585; Kansas City So. R. Co. v. Guardian Trust Co., 281 U. S. 1, 50 S. Ct. 194, 74 L. Ed. 659; In re Sanford Fork & Tool Co., 160 U. S. 247, 255, 16 S. Ct. 291, 40 L. Ed. 414; Ex parte Washington & Georgetown R. Co., 140 U. S. 91, 96, 11 S. Ct. 673, 35 L. Ed. 339. Judge Kennedy took no part in the framing of the decrees and his acts of signing and entering them were purely ministerial. Cullins v. Overton, 7 Okl. 470, 54 P. 702, 706; Jaqua v. Harkins, 40 Ind. 639, 82 N. E. 920. Since the prohibition against a disqualified judge relates to judicial acts only, there was no reason why Judge Kennedy should not sign and enter such decrees, and in so doing he did not act illegally. Cullins v. Overton, supra.

It is further contended that the order of Judge McDermott evidencing his decision

with respect to costs, made at Denver on September 15, 1931, was void for the reason that the order was signed at Topeka. It does not appear from the record that Judge McDermott signed the order at Topeka. Counsel for the Clarkes draw that conclusion from the fact that the hearing was held on September 15, 1931, and the order was not entered until October 30, 1931. The presumption is that the order was regularly and legally made. The Alaska (C. C. N. Y.) 35 F. 555. Even though the order was signed at Topeka, it was only evidence of what was decided at the hearing, held pursuant to the stipulation at Denver on September 15, 1931. United States v. Stoller (D. C. Wash.) 180 F. 910. Furthermore, under section 18 of the Judicial Code (28 USCA § 22), which provides that, "Any designated and assigned judge who has held court in another district than his own shall have power, notwithstanding his absence from such district * * * to decide all matters which have been submitted to him within such district," Judge McDermott was authorized to decide the matter and make his order evidencing such decision at Topeka. United States v. Goldstein (C. C. A. 8) 271 F. 838.

It is further contended that the court erred in permitting the Turpen Construction Company to raise its bid from $6,850 to $14,136. Equity Rule 8 (28 USCA § 723) provides that if the disobedient party fails to comply with the order of the court, then the court may direct the act be done and may appoint another to do it at the expense of the disobedient party. There is no requirement that any particular procedure be followed with respect to letting the work, and the disobedient party is in no position, because of his default, to question the court's action. Of course, the court should not approve any useless and unnecessary expense. The bid of the Turpen Construction Company was so low, in comparison with the other bids, as to cause the marshal to believe that either a mistake had been made or the company submitting the bid could not properly do the work at that figure. The expense of an inspector and traveling expenses of the marshal were reasonable and proper.

It is urged that Wertz, who owned a one thirty-second interest in the property, was an indispensable party, and that it was unjust to impose any of the cost of abating the nuisance on Ella R. Clarke, since she was only a purchaser at a foreclosure sale. This court, in Clarke v. Boysen, 39 F.(2d) 800, at 820, ruled adversely to these contentions, and for

the reasons there stated we adhere to such rulings.

The application for rehearing was addressed to the sound discretion of the court and its denial thereof is not reviewable. Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381; Steines v. Franklin County, 14 Wall. 15, 20 L. Ed. 846; McLeod v. New Albany (C. C. A. 7) 66 F. 378.

Affirmed.