Capshaw *v*. Town of Cookeville *et al.*

(*Nashville*, December Term, 1946.)

Opinion filed May 3, 1947.

Rehearing denied June 26, 1947.

H. H. CLARK of Cookeville, for City of Cookeville.

W. L. SWALLOWS and W. KEITH CRAWFORD, both of Cookeville, and A. H. ROBERTS, JR., of Nashville, for Putnam County.

ROY H. BEELER, Attorney-General, and Allison B. Humphreys, Jr., and C. Weber Tuley, Assistant Attorneys-General, for the State.

LEWIS S. POPE, of Nashville, for E. W. Capshaw.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill in this cause was filed in the Chancery Court of Putnam County on April 7, 1945. The complainant sought to enjoin the Town of Cookeville and the County of Putnam from maintaining a sewer over and

across certain lands of which the complainant was a tenant, on the allegation that the manner of maintenance of the sewer constituted a nuisance, a hazard to human health and a danger to raising live stock on the lands involved. Apparently, because of the approval by the Health Department of the State of the Maintenance and operation of the sewer, the State of Tennessee was made a party defendant, as was Roy H. BEELER, the Attorney General.

All the defendants filed separate demurrers to the bill and on November 8, 1945 various grounds of all of these demurrers were sustained by the Chancellor, the injunctive relief sought was denied, and the bill was dismissed. The complainant did not except to this decree nor did he pray an appeal from any portion thereof.

However, two days later, on November 10, 1945, he filed a motion to "rehear, change and modify" the decree, and after filing the motion, took no further steps in the cause for more than a year and until December 5, 1946, when the following order was entered:

"This cause came on to be heard on this 5th day of December, 1946, on the entire record in the cause, and especially upon the motion of the complaint to rehear the case or to change and modify the degree heretofore entered in said cause, when the Court overruled and *disallowed said motion*.

"*To which action* of the Court the complainant excepted at the time and now excepts, and prays an appeal to the next term of the Supreme Court sitting at Nashville, Tennessee, which motion is by the Court allowed, and upon motion of complainant he is allowed thirty days from this date in which to perfect *said appeal* by filing his appeal bond in said cause and otherwise complying with the law." (Our emphasis.)

By consent of all parties, the cause has now been dismissed as to the State of Tennessee and as to the Attorney General, and the remaining defendants, the Town of Cookeville and the County of Putnam, have filed a motion to dismiss the appeal. The complainant has made no reply to this motion.

The first ground of the motion to dismiss asserts that since no appeal was prayed or taken from the decree of November 10, 1945, sustaining the demurrer and dismissing the bill, that the appeal taken in the decree quoted was there limited expressly to the action of the Chancellor in denying a rehearing; that such action was a matter of discretion and not subject to our review and, therefore, the appeal must be dismissed, since no appropriate action by the complainant was taken to appeal the original decree.

██ We think this ground of the motion must be sustained. The motion to rehear filed on the 10th of November, 1945, did not purport to be a petition to rehear. It was not filed by leave of Court or by consent of parties. The errors averred were not apparent on the face of the record, nor did the motion undertake to specify the grounds upon which rehearing was sought, but merely stated that the decree of November 8, 1945, was erroneous in certain particulars. There was no statement in the motion of why or wherein said decree was erroneous. The motion was no more than a demand in general terms for a rehearing on the old record, and this motion was justified by no new authority and no new argument.

The action of the Chancellor in overruling such a motion is not subject to our review. Gibson's Suits in Chy. (1937 Ed.), sec. 1215; *Galloway* v. *Dunnington, infra.* The granting or refusal, absolute or conditional, of a

rehearing in equity, as of a new trial at law, rests in the discretion of the Court in which the cause had been heard or tried, and is not a subject of appeal. *Roemer* v. *Neumann*, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277; *Conboy* v. *First Natl. Bk.*, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128; *Boesch* v. *Graff*, 133 U. S. 697, 10 S. Ct. 378, 33 L. Ed. 787.

■ It is not error to refuse a rehearing which is sought without the filing of a petition. *Fraizier* v. *Tubb & Stokes*, 49 Tenn. 662; *Taylor* v. *Boyd*, 53 Tenn. 611.

■ A rehearing in equity is not a matter of right but rest in the sound discretion of the Chancellor. *Galloway* v. *Dunnington*, 78 Tenn. 216, 218; *Buffington* v. *Harvey*, 95 U. S. 99, 24 L. Ed. 381; *Johnson* v. *Tucker*, 2 Tenn. Ch. 244, 249.

■ Where, as here, exception is taken and appeal perfected only from the action of the Chancellor in denying a rehearing, and no appeal is taken from the decree, final on the main issues and as such appealable (Gibson's Suits in Chy., sec. 1265; Code sec. 9038), the appeal which is expressly limited and addressed only to the action of the Chancellor in denying a rehearing, does not bring up the original decree nor the entire record. On an identical question, Judge Faw said: "The order of the Chancery Court refusing to set aside an appealable decree is not appealable; the appeal should have been taken from the original decree. The mere negative action of a court of equity in declining to disturb its first decision is not reviewable." *McClister* v. *Milligan*, 1 Tenn. App. 258, at page 262; 2 Ency. Plead. & Practice, 109.

In the present case it is clear that the decree of the November 8, 1945, from which no appeal was taken, has become final and is not subject to our review.

In view of our disposition it is unnecessary to consider the second ground of the motion to dismiss the appeal, which was the insufficiency of the security of the appeal bond, though consideration of that ground would also require a dismissal of the appeal.

For the reasons stated, the motion to dismiss the appeal is sustained at appellant's cost.

ON PETITION FOR WRIT OF ERROR AND TO REHEAR.

This cause was heard on an appeal taken from an order of December 5, 1946, and an opinion rendered by this Court on that appeal on May 3, 1947. On May 23, 1947, petition for writ of error was filed in the cause and on May 28, 1947, petition to rehear the former appeal, on which the opinion had been rendered on May 3, 1947, was filed. This novel procedure is not supported by any authority and we believe none can be found.

■ Review by appeal or by writ of error is open to every litigant as a matter of right. But these methods are alternative and mutually exclusive, for the reasons stated and on the authorities given in *Crowe* v. *Birmingham & N. W. R. Co.*, 156 Tenn. 349, 1 S. W. (2d) 781. On the authority of that case, therefore, we overrule the petition for writ of error.

■ While nominally directing itself to the opinion delivered by us on May 3, 1947, the petition to rehear makes a lengthy argument against the motion to dismiss the appeal which we considered fully in that opinion. Prior to our opinion of May 3rd, the appellant had ample opportunity to make a response to the motion, but ignored that opportunity and chose to make no defense, as we noted in our opinion. Under these circumstances we think it clear that the appellant waived his right to argue the motion; and that as we found it valid, it was properly

sustained. To hold otherwise would be to condone a practice which would make litigation interminable. *Andrews* v. *Crewshaw*, 51 Tenn. 151.

Finally, on account of the persistence of counsel and although the record is not before us for further review, we have carefully read the bill and the demurrers thereto. We think the Chancellor was clearly correct in holding (1) that the complainant had no such interest in the property as entitled him to the declaration sought by the bill, and (2) that on the facts stated in the bill he was not entitled to an injunction against the public officials made defendants thereto.

The petition for writ of error and the petition to rehear are denied.

All concur.