Mr. Justice Coz
delivered the opinion of the Court:
In this case the bill was filed to review a decree rendered by Judge Merrick in an original cause in which parties are' just reversed — in which the present complainants were defendants and these defendants were complainants. That was a bill quia timet, in which the complainants sought to-have an alleged cloud upon their title removed, the cloud consisting of the record title of the present complainants— the defendants in that suit. In order to make the case intelligible, it will be necessary to go back some years in the history of the title.
In 1839, John Contee, of Prince Georges County, Maryland, died, siezed of a tract of land in this District, known as part of “ Pretty Prospect,” now on .the outskirts of the city of Washington. ITe had made a will in which he directed his executors to sell certain property in Maryland and this property, and apply the proceeds to the payment of his-debts. The executors named in the will declined to serve. Thereupon his eldest son and his widow applied to Chancellor Bland to appoint a new trustee to carry out the trusts of the will. Very strangely, Chancellor Bland, without summoning anybody interested in the cause to appear, without any hearing, in a summary way, on the same day on which application was made, signed a decree appointing John Johnson trustee, and vesting the title of the property in the District of Columbia in him for the purpose of carrying out the trusts of this will. John Johnson sold the property to Evan Lyons in 1841 'and executed a deed. Mr. Lyons went into possession, and he and those claiming under him have held possession ever since. One of these parties recently undertook to sell a portion of this land and was met with the objection, by the real estate title company — a very obvious' objection — that Chancellor Bland had no jurisdiction to appoint a trustee and vest the title to real estate in the District of Columbia in him, and, therefore, Mr. Lyons had received no title and had none to con *213 wey. Thereupon, the complainants, who are all claimants under Mr. Lyons, filed a bill quia timet against the heirs of •Contee, alleging the record title of the Contees to be a cloud upon their title under this decree of Chancellor Bland and the sale of John Johnson, and asking that the title of said defendants, “as heirs at law and devisees of John Contee, .and heirs of Ann L. Contee in and to part of “ Pretty Prospect,” &c., may be declared divested, and that a trustee may be appointed to convey the land to the complainants according to their proper interests and proportions.
There was an order of publication against the defendants in that case, who were all non-residentsT The bill was taken pro confesso against them, and a commission was issued to appoint a guardian ad litem, to the infant defendants, who filed an answer, and testimony was taken as against the minors, and thereupon Justice Merrick, on September 26, 1887, passed a decree that the property described in said proceedings in this cause, “ be, and the same is hereby, divested,” and that “Charles M. Matthews, as trustee under a deed of trust from Evan Lyons, shall hold subject to the provisions of said trust the following described property, &c., .and that he be, and hereby is, appointed trusteee to make ■conveyances to the complainants.”
The present bill is filed by the heirs of Contee to review that decree on the ground of error, and the grounds alleged in the bill are:
First. Because said decree was founded upon certain proceedings in the High Court of Chancery of Maryland which were ineffectual to divest the title of your complainants, as heirs-at-law and devisees of their ancestor, John Contee.
Second. That said High Court of Chancery was without jurisdiction to direct a sale of said real estate.
Third. Because the sale of the said real estate so made as .set forth in the said-bill of complaint of the defendants herein and in the exhibits filed herewith, appears upon ■the record and proceedings in said cause to have been made •without authority of law, and is null and void.
*214 Fourth. Because no decree should-have been passed ii> said cause, but said cause should have been dismissed.
Fifth. Because said decree of September 26, 1887, is-unauthorized in law upon the face of said bill.
Sixth. These complainants are grievously and irrevocably injured by said decree, are without a remedy of law, and should have relief at the hands of this court.
Four of the defendants filed a demurrer for the following-causes :
First. That the court had jurisdiction and authority to-pass the decree of September 26, 1887.
Second. That the bill in this cause is bad in form, because the evidence in Equity Cause No. 10,507, Docket 27, is made part of said bill.
Third. That the decree of September 26, 1887, was not based upon the proceedings in the High Court of Chancery of the State of Maryland, and, for divers other causes and imperfections, the defendants claim they should not be-compelled to further answer said bill.
The demurrer was certified to this court to be heard in the first instance. It is proper to notice, first, that one of' the grounds of the demurrer to the present bill is one of form entirely ; that, is, that-the bill in this cause is bad in form, “ because the evidence in Equity Cause No. 10,507, is-made part of said bill.” It is perfectly well settled in law that a bill of review, unless on the ground of newly discovered evidence, must proceed upon error in the record or proceedings of the court in the original cause, but not upon error of fact, not upon the ground of any mistake in the conclusions of the court as to evidence. I am not prepared to say that if the evidence in the original cause is merely recited as part of the proceedings, that would be the subject for demurrer, but if any relief is sought upon the ground that the evidence has not established the fact upon which the original cause depends, that would be plainly a cause for a demurrer. In this case the cause alleged for *215 demurrer is evidently founded upon mistake of fact. The printed record also embodied the mistake. The printed record says : “ The depositions taken are Exhibit G of this cause.” Now, when we come to look at the original bill, we find that in reciting the proceedings in the original cause, it recites the order of reference to an examiner to take depositions, but makes no reference whatever to the depositions themselves and the order referring the cause to an examiner is really Exhibit G and not the depositions, so that the depositions are not made a part of this cause by the bill of review, and this cause alleged by demurrer is, therefore, erroneous in point of fact. Even if the depositions had been made a part of this bill, it would not be conclusively a ground for demurrer. In the case of Buffington vs. Harvey, 95 U. S., 99, the court says:
“It was error, therefore, to insert in the bill, as was done in this case, the evidence taken in the original cause.” (In this case, too, the error alleged, was error of fact in the original decree.)
“ Had this error been specially assigned, the demurrer might have been sustained on that ground alone, or the evidence might have been stricken out of the bill as surplus-age on motion.”
That is the law, also; in this case, and the evidence could have been stricken out, were there any necessity for it, but there is not. That ground of demurrer, therefore, is not tenable.
Now, we come back to the broad question presented on the face of this bill, and the demurrer thereto, whether the original case presented proper ground fora decree to remove a cloud from title. It is conceded, by all hands, that the chancellor of Maryland had no jurisdiction to appoint a trustee to convey property in this District, and his decree and the conveyance of the trustee appointed by him are as complete nullities as if an executor, without any power to sell, or an administrator, had undertaken or should undertake to sell real estate of the decedent for the payment of *216 his debts. Consequently, Mr. Lyons’ title rests u]Jon nothing in the world but adversary possession. The presumption is, this is sufficient to have given him,and those claiming under him, not only a valid defense to an action in ejectment, but a good title on which to sustain an ejectment. It is not'absolutely certain, because there may have been parties at that time under coverture, whose disability may not have been .yet removed The case of disability of nonage would have been removed long since. But we will assume, for the purpose of this case, that Lyons and those claiming under him, had adversary possession sufficiently long to amount to a perfect defense against an action of ejectment, and a title under which he might have recovered against any other party. The question is, whether that is a ground upon which relief may be given against the original owners. The very term, “ to quiet a title,” imports that there is something disturbing in it. In point of fact, it appears in this case that the heirs of Contee never agitated their title at all or made any claim whatever, the title simply lying dormant, not being asserted by anybody. As I said, the general implication from the term, “to quiet a title,” is that there is something disturbing in it, and that occurs when some recent title has been acquired, spurious title it may be, though specious, as where aman gets a tax title, apparently good but intrinsically bad. In this case, the real owner has a right to come into court and say that is a cloud upon his prior title and ask for relief.. So, in this case, before Mr. Lyons went into possession, these Contee heirs being in possesion, might have filed a bill to set aside this title of Lyons as a cloud upon their title. But for complainants, who have nothing but mere adversary possession, to say that a good and valid record title of the original owners, antedating theirs by many years and which has never been asserted but is lying dormant, is a cloud upon their title by adversary possession, really seems to be a perversion of the terms. The attitude of complainants is *217 simply this : We have come into court and say we have had possession of the property of these defendants for a period long enough to amount to a perfect defense to an action of ejectment brought by them; but that is not satisfactory to us, because we find it impossible to sell the property, because we are unable to present a record title, and we think therefore we ought not to be left simply to our defense, but the court ought to interfere actively for us and decree 'that the original owners shall be forever barred and enjoined from , asserting their title; or, in other words, that ;they shall make a deed to us, or the court should decree their title to us, although their title was the original rightful title and ours originally a wrongful one. If in a case of that sort relief could be given, I can hardly see how it could be declined in any other case in which a party has nothing to rely upon except the Statute of Limitations. Suppose I had personal'property in my possession belonging to another, for three years, which would be sufficiently ¡long to bar an action of replevin. If that rule were so, I •might appeal to the court to restrain the original owner from bringing suit and to decree my title to be a perfect •one. In fact, the analogy would carry us still further. I might be insolvent; my debts might all be outlawed ; and I might come into court and say, “ I wish to go into business, but I have a large number of debts hanging over me which destreja my credit, but these debts are outlawed and I want to have some relief besides a mere defensive one.” I might ask the court to convene all my creditors in court ¡here to avoid multiplicity of suits and get a genefal decree forever enjoining collection of my debts, and thus convert ■an equity court into a court of bankruptcy and get a discharge from my debts. The fact is, the application in this ■case is not one to remove a cloud upon a title, but to remedy a, defect in complainants’ title, and, in fact, to transfer the title of the original rightful owners to the. complainants. That is the essence of an application of this kind. This *218 same question came before this court once before in the case of Thomas J. Fisher vs. the Tucker Heirs. That was a case in which parties had a tax title which they did not refy upon, because it was manifestly void, but they also claimed adverse possession of twenty years, and they asked a perpetual injunction against the original owners of the-property. They said the title of the original owners was a cloud, upon their title under adversary possession only. It happened in that case there was some doubt, on the proof,, whether adversary possession was made out, and the court refused relief, but I remember very well the expression of the opinion by members of the court was, that such a case was entirely without precedent, unless it may be one case which was cited from a far distant State, in which the-court had administered such relief. It is novel in this jurisdiction. It was never known in the English chancery practice or the practice of Maryland or of this court, that parties claiming by virtue of adversary possession alone-could ask the court actively to extingush the record title of the original owners. As far, therefore, as the decree in this cause was rendered upon that ground — that is, the court undertook to extinguish the original record title as a cloud upon the title of the complainants- — -we think there was manifest error.
But, in the course of the argument, it has been urged that other grounds for equitable interference presented themselves on the face of the proceedings in this original cause. It -was said that the will of Contee dedicated this "property to the payment of his debts, and if an application had been made to the Circuit Court of this District, it would have appointed a trustee to sell this property and apply the proceeds to the payment of his debts. It is-further said Mr. Lyons paid the purchase money, and that money went to the payment of Contee’s debts, and the-same thing was accomplished which would have- been accomplished if the proceedings had been regular and valid; and that an equity arises in favor of these com *219 plainants holding under Mr. Lyons, which makes them virtually owners of the property, and the heirs of Contee,. the holders of the legal title in trust for their benefit. There would be a great deal of force in this if the proper averments were contained in this bill, but the bill does not contain a single averment which it is necessary to set forth in order to present the supposed case. It nowhere appears on this bill that it was necessary to sell the property for the payment of Contee’s debts. It nowhere appears that this money ever went to the payment of Contee’s debts. At the conclusion of the bill, and as a conclusion of law, the complainants state that they “ are advised that by reason of the sale to the said Evan Lyons, senior, and the payment of said sum of $1,250, its receipt and application by said' John Johnson, trustee, for the purpose of said decree, the said Evan Lyons, senior, was the equitable owner of the real, estate thus sold and afterwards conveyed to him that is fo say, by reason of facts that have not been alleged at all in the bill, there was an equity in Mr. Lyon’s favor. There-are no averments that the money was ever applied by the-trustee for the purpose of the payment of Contee’s debts ; no averments, as I repeat, that it ever became necessary to sell this property for the payment of his debts, and, therefore, we think that on the face of the original bill there does not appear any equitable ground for the relief that was-granted, such as was claimed in argument. Whether such a case can be made, we are not now called upon to determine..
Laches of the complainants is relied upon also. Now, if' they were simply asserting their original title to this property, of course the defense of laches would be very proper; but there is no laches here with reference to the decree. The bill is filed to impeach that decree within the time required by law. There is no laches as to that, and the-objection of laches as to the assertion of their original title does not, therefore, apply to this issue.

We are satisfied, therefore, that the demurrer to this bill must be overruled.