Wm. Simonton *v.* W. J. Buchanan.

WM. SIMONTON *v.* W. J. BUCHANAN.

1. NEW TRIAL. *Affidavit. Counsel's miscalculation as to time and business.* Where a party and his counsel miscalculate as to the condition of the docket of the Court, and are consequently not present at the trial of the suit, a new trial will not be granted on affidavit of this fact.

2. SAME. *Pleading and Practice. Informalities. Remedy.* Parties will not be allowed, after verdict, to complain of informalities which might have been remedied, if objected to in due time, especially under the circumstances of this case.

FROM LAWRENCE.

Appeal from the Circuit Court.　A. M. HUGHES, Judge.

BROWN & McCOLLUM for Simonton.

W. F. COOPER and HORACE H. HARRISON for Buchanan.

Buchanan sued Simonton in the Circuit Court of Lawrenceburg upon a note for $3,500, and had verdict and judgment in his favor, from which, upon the overruling of his motion for a new trial, Simonton appealed to this Court.

He now insists that the Circuit Judge erred in overruling his motion for a new trial. In support of the motion, Simonton's affidavit, and that of one of his counsel was read, setting forth that the verdict and judgment were had on the third day of the

term, and before either had arrived at the Court-house. They seek to excuse their absence from Court upon the ground that the counsel was confident, from his knowledge of the docket and business of the Court that the cause would not be reached during that early period of the term, and they were both surprised, on reaching the Court-house on the fourth day of the term, to find that the case had been submitted to a jury and judgment rendered on the day before.

Simonton states that his pleas were true, and he could have made proof of their truth, etc.

This Court can not grant a new trial for the reasons stated in the affidavit. The Record shows that the attorney of Simonton said he could produce other affidavits, while reading those filed, and after his motion was disposed of, but did not offer any, or otherwise show what he proposed to show by them, other than or different from the facts set out in the affidavits read.

If the Court below had chosen to give a new trial for the reasons stated in the affidavits, we would have esteemed it a liberal exercise of his discretion. But in this Court his refusal can not be regarded as an abuse of such discretion, so as to call for the interposition of this Court.

Four pleas were pleaded—the last setting out that $247.60 of the $3,500 was usurious interest. All the pleas were sworn to in one affidavit at the end of the last plea.

Wm. Simonton *v.* W. J. Buchanan.

Replications to the first, second and third pleas were filed, and further replication to the third plea, but which was perhaps intended to apply to the fourth, denying any unlawful or usurious interest, as alleged, signed and sworn to by attorney for the plaintiff.

Upon these pleas a mis-trial was had several times before the term at which the verdict and judgment complained of were rendered. No exceptions seem to have been taken to the pleas because not properly sworn to, nor for any other defect. And the parties will not be allowed, after verdict, to complain of informalities which might have been remedied if objected to in due time, especially where the cause has been tried, as if the pleadings were regular, as seems from the charge to have been done in this case.

We do not think there is any error in the Record for which we should reverse.

Affirm the judgment.