State *v.* Hyde.

STATE, for the use of BUCKNER RYAN, Adm'r, etc., *v.*
TAZEWELL HYDE, *et als.*

1. PRACTICE OF THE SUPREME COURT. *Writ of error. Presumption.* A
transcript for writ of error was filed in this Court during a Term
thereof after one but within two years from the date of final judement
in the Court below, but whether by order of Court or not *does not*
appear. The record not showing a motion to dismiss until a subse-
quent Term,

*Held,* That these facts constitute a presumption that it was filed by order
of the Court within the time fixed by §3181 of the Code.

2. CHANCERY PRACTICE. *Master's report. Legal presumption.* Where no
direction is given as to when a report should be made on matters re-
ferred to the Master at one Term, the legal presumption is that it is
to be made at the next Term.

3. SAME. *Same. When not binding.* The general rule that a party is
concluded by a decree based upon a report not excepted to, pre-
supposes that it was made in pursuance of authority, and upon
proper notice. A report not so made is of no binding force, and
a decree based thereon, though it recites that no exception was
filed, is erroneous, if not an absolute nullity.

FROM DAVIDSON.

Appeal from the Chancery Court.    S. D. FRIERSON,
Chancellor.

E. H. EAST for complainant.

L. M. TEMPLE for defendant.

NICHOLSON, C. J., delivered the opinion of the Court.

State *v.* Hyde.

This case is here by writ of error, and a motion is made to dismiss it, because the transcript was not filed in time. The final decree was rendered on the 19th of December, 1866, and the transcript was filed on the 18th of December, 1868, too late, if filed with the Clerk only, but in time if filed by order of the Court or of a Judge. There is nothing in the record, or on the minutes of the Court, showing whether it was filed the one way or the other, but we know judicially that it was filed during a Term of this Court, and from this fact, and the further fact that the record shows no motion to dismiss the writ of error until the present Term, we think it may fairly be presumed that the transcript was filed by order of Court. It was a matter of right to file it, and when we see that it was in fact filed, and that no successful opposition to it could have been made, we are justified in holding that it was filed in time. The motion to dismiss is, therefore, disallowed.

We proceed then to examine the case upon its merits.

It appears that in 1861, N. B. Hyde, being about to enter the Confederate army, executed a deed of trust to his brother, Tazewell Hyde, as trustee, by which he conveyed to him real and personal estate of considerable value to secure the payment of specified debts. Tazewell Hyde accepted the trust, but before N. B. Hyde left for the army, executions were levied on his personal property, which was sold, but N. B. Hyde being present, furnished means, and had the

property purchased for his wife, the executions being satisfied.

· N. B. Hyde afterwards went into the army, and was killed at Shiloh. Buckner Ryan is his administrator, and the other complainants are his children (his wife being dead). They file this bill against Tazewell Hyde, as trustee, and his sureties on his bond, to hold them accountable for alleged infidelity in the management of his trust. The bill seems to have been filed upon the assumption that the debts provided for in the trust deed had been satisfied, and this seems, from the answer of the trustee, to have been true, or nearly so. At all events, the beneficiaries in the deed were not made parties, and the relief sought and obtained was entirely for the benefit of the administrator and children of N. B. Hyde.

After Tazewell Hyde filed his answer, the Chancellor, at the November Term, 1865, ordered that the Clerk and Master take proof and report upon various matters specified, and that he ascertain and report what amount, if any, the trustee and his sureties were indebted to complainant, arising from said trust or its management. He was also required to report what compensation, if any, he should be allowed.

No direction was given as to when the report should be made, but the legal presumption is, that it was to be made to the next Term, which was in May, 1866. But although proof was taken, no report was made to the May Term, nor was any order made at that Term, renewing the order for an account and report. Nor

was any report made to the next, the December Term, 1866, but on the 13th of December, 1866, during that Term, the Clerk and Master stated the account, but when it was filed in Court does not appear, nor does it appear that the trustee had any notice of its taking.

On the 19th of December, 1866, however, the cause was heard upon the report so made out on the 13th of December, 1866, and there being no exception filed, the same was confirmed. It does not appear from the report itself, or otherwise, that the trustee had any notice of the taking of it, nor does it appear from the decree based thereon that the trustee or his solicitor was in Court, or had any knowledge that the report had been made out or returned to Court. It does appear, however, that there was no exception to the report.

As a general proposition, a party is concluded by a decree based upon a report, to which he has taken no exception. But this rule presupposes that the report has been made in pursuance of authority, and that the party has had proper notice. A report made without these preliminary steps can be of no binding force, and a decree based thereon, although it be recited that no exception was filed, is erroneous, if not an absolute nullity.

We are, therefore, of opinion that the decree of the Chancellor be reversed and set aside, and that the cause be remanded, that an account may be taken upon proper reference, and the same proceeded in to final

decree.    The    costs    of    this    Court    will    be    paid    by complainants.

The bill of review involving the same matters will be dismissed at the cost of complainants therein.