SMITH *et al v.* FRAZIER.

(*Jackson,* April Term, 1949.)

Opinion filed July 9, 1949.

72

Peeler & Hollis, of Camden, for appellant.

Frazier & Frazier, of Camden, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

The petition for writ of *certiorari* was granted, and oral argument has been had following the filing of supplemental briefs.

On May 19, 1945, a Justice of the Peace of Benton County rendered a judgment for $159.80 against Joe Smith and wife in favor of Joe N. Frazier, a merchant in that county. On June 16, 1945 Smith and wife filed their bill in chancery alleging that said judgment was void for want of service of process and because no legal

evidence of the alleged indebtedness was filed with the Magistrate. This bill alleged that Frazier was indebted to them in the sum of $133.96, and sought a decree adjudging void the judgment rendered by the Justice of the Peace. It further prayed that an accounting between the parties be had and "the whole matter be adjudicated . . . and such judgment be rendered as the fact when proven may sustain". The bill also prayed for such general or other relief, "as may be entitled on a hearing on the merits".

Frazier filed an answer and cross-bill in which he denied all the material allegations of the bill, and prayed for a decree on the judgment of the Justice of the Peace "or in the alternative should it be determined that said judgment was invalid the cross-complainant have and recover of the cross-defendants the sum of $159.80, the amount of the account filed herewith, together with the costs of the cause".

The answer to the cross-bill denied all of the material averments of the latter.

After much proof by depositions was taken, the Chancellor did on February 28, 1947 enter the following order:

"Finding

"This cause will be referred to the Master to take and state an account between the parties.

In doing so, he will charge the complainants with the items purchased and in the amounts agreed upon at the time of the purchase, or the ceiling price of the various items on the respective dates of purchase, whichever is the lower. The complainants will be given all credit shown by defendant's books, and such other credits as they can verify by receipts or cancelled checks."

On March 31, 1947 another order was entered. This order, after quoting as a part thereof the previous order, then further provided time for the taking by either party of additional proof.

There was no exception of any character by Frazier to the entry of either of these orders. To the contrary, his solicitors approved over their signature the last order of reference by the following language: "O. K. for Entry".

On October 21, 1947, the Clerk & Master filed his report wherein, after referring to the March 31 order, he recited certain testimony of specified witnesses and concluded with the report "that the defendant (Frazier) is indebted to the complainants (Smith and wife) in the amount of $133.96."

Frazier excepted to this report, the substance of his exception being stated in the last paragraph thereof as follows:

"Thus the report is not responsive to the order of reference. There is no basis for the finding of the Clerk & Master and he was acting beyond the scope of his authority in attempting to waive the evidence and disregard the account filed by the cross-complainant, which account is the basis of the fact and was taken from the books. It is the record without objection."

The exception is concluded with the statement that Frazier "appeals therefrom to the Honorable Chancellor", meaning from the report of the Master.

It is to be noted that the exceptions of Frazier do not complain that the Court erred in ordering the reference to take and state the account, but only that the report is not correct and went beyond the order of reference.

Thereafter, a decree was entered which, after reciting that the matter came on for hearing upon the exceptions above mentioned, then set out in full the Master's report. This decree then recited the finding of the Chancellor entered on October 21, 1947 as follows:

"The report of the Master on reference, filed herein on October 21, 1947, is concurred in as to all its findings."

This decree then disallowed the exceptions; enjoined perpetually the collection of the judgment rendered by the Justice of the Peace and rendered a judgment for Smith and wife in the sum of $133.96, the amount found to be due them by the report of the clerk, concurred in by the Chancellor.

The decree then recites that Frazier excepted to the action of the Court "in ordering a reference in this cause on February 21, 1947 and in failing to hold that cross-complainant was entitled to a judgment on the Justice of the Peace judgment."

This was the first time during the entire proceedings that an exception had been made by Frazier to the orders of reference heretofore referred to, and the entry of which he had expressly approved.

In the Court of Appeals, Frazier insisted that the Chancellor erred in ordering a reference in the cause and in failing to hold that Frazier was entitled to a decree on the Justice of the Peace judgment, and in not rendering a decree in his favor by reason of this judgment, or in the alternative in not rendering a judgment in his favor on his account with Smith and wife.

██ The Court of Appeals correctly found that "there is ample evidence to support the finding" of the Master concurred in by the Chancellor to the effect that Frazier was indebted to Smith and wife in the amount

reported by the Master. That Court also correctly found that Frazier is in error in insisting that Smith and wife did not pray for judgment in their original bill, pointing out that the allegations of the bill and the prayer were "adequate for the Chancellor to render the judgment" of $133.96 in favor of Smith and wife.

However, the Court of Appeals then proceeded to discuss the evidence and found that Smith and wife were served with process, knew of the suit before the Magistrate, and thereafter failed to use reasonable diligence with reference to ascertaining whether or not a judgment had been rendered by the Magistrate, and that they were, therefore, guilty of laches which precluded them from asking the aid of another Court to relieve them from the consequences of their own negligence. Pursuant to the conclusion thus reached, the decree of the Chancellor was reversed and the bill and cross-bill were dismissed.

By proper assignments of error this holding of the Court of Appeals is questioned.

Frazier, the man who obtained the magistrate's judgment, did by his cross-bill seek a judgment first upon the judgment rendered by the Magistrate and second, in the alternative, a judgment upon the account. The order of reference directing the taking and stating of the account between the parties is directly responsive to this relief sought by Frazier. As heretofore noted Frazier did not except to this order of reference at the time it was made and entered, but approved it.

When the Master made a report adverse to the contentions of Frazier, he filed exceptions to the report. Those exceptions were not directed to the proposition that the order of reference should not have been entered, but to

the proposition that the Master's report was in fact erroneous; therefore Frazier "appeals therefrom to the Chancellor".

It was not until after the Chancellor had entered an order concurring in the report "as to all its findings" that Frazier first made the insistence that it was erroneous to enter the order of reference for an accounting, in as much as the Chancellor had not found the facts (so it was insisted) as to whether the facts surrounding the obtaining of the judgment of the magistrate made that judgment voidable at the instance of the Smiths.

The question of law presented by the situation just stated is whether Frazier first, by approving the order of reference, and, second, by his failure to except to the entry of the order directing the taking of an account until after the Chancellor had concurred in the Master's finding, did thereby waive any right to insist that the Magistrate's judgment was valid and thereby precluded the taking of an account upon the transaction on which that judgment was based. The Court of Appeals apparently was of the opinion that it did not so preclude Frazier.

It would seem on principle that when Frazier proceeded on, co-operated with and acted under the order of reference without exception until the issue had been determined against him upon that order by the master and then by the Chancellor, he is thereby estopped from then insisting for the first time that the order should never have been entered. In our case of *Simonton* v. *Buchanan*, 61 Tenn. 279, the losing party belatedly sought to object to certain pleas after verdict against them. This Court said:

"No exceptions seem to have been taken to the pleas because not properly sworn to, nor for any other defect. And the parties will not be allowed, after verdict, to complain of informalities which might have been remedied if objected to in due time, especially where the cause has been tried as if the pleadings were regular, as seems from the charge to have been done in this case."

The principle enunciated there seems directly in point here.

The case of *Scales* v. *James* is reported in 9 Tenn. App. 306. *Certiorari* was denied in that case. The holding of the Court with reference to the question now under discussion, 9 Tenn. App. on page 313 of the opinion is:

"But where a party consents to a reference, as in this case, it amounts to a tacit admission that the action is a referable one and is a submission to the jurisdiction of the court; See 17 Ency. Plead. & Practice, 990; and a party must object to the order of reference if it is not proper, at the time it is made. If he does not, he waives any irregularities, and if he agrees to the order of reference then he is bound by the reference. 17 Ency. Plead. & Prac., 989, 990. If he asks or consents that the trial court proceed in a certain manner he will not be allowed to complain of such action. 2 R.C.L. 238, Section 198"

The case of *Reed Bros. Stone Co., Inc.* v. *Pittman Const. Co.* is reported in 20 Tenn. App. 552, 101 S. W. (2d) 478. *Certiorari* was denied in that case. 20 Tenn. App. on page 555, 101 S. W. (2d) on page 480, the opinion, citing *Scales* v. *James, supra,* and 53 C. J. 703; and 10 R. C. L. 511, said this:

"This was a reference of the whole case to the clerk and master, but no objection was made to it and any objection is therefore treated as waived."

█ From that which has hereinabove been said, it is apparent that Frazier waived any right to rely upon the validity of the judgment of the magistrate by consenting to the order of reference and by his failure to except to that order directing the taking of an account between the parties, and by his continuing to withhold such exception until the Chancellor had concurred with the findings of the Master in the latter's report adverse to the contentions of Frazier. There is material evidence to sustain those findings, as observed by the Court of Appeals.

█ It is said in the supplemental brief of Mr. Frazier that the report of the Master is void because it was not filed by the beginning of the next term after it was entered, to wit, on the third Monday in May, 1947, which day we have ascertained was the 19th day of May. This brief refers to Section 614 of Gibson and to the case of *State* v. *Hyde,* 63 Tenn. 464, in support of this insistence. We think counsel misconstrues the authorities referred to. Section 614 of Gibson simply says that the Master is subject to severe penalties if he fails to file the report on time. In *State* v. *Hyde, supra,* the report failed to show that the party adversely affected had any notice of ''the taking of it'', meaning, no doubt, of. the taking and stating of the account, or any knowledge that the report had been made or returned to Court. Under these circumstances it was held that the report was not binding upon the party notwithstanding his failure to except. We are not able to see any similarity between that case and the situation here. Mr. Frazier knew of the taking and stating of this account, participated therein, excepted to the report on questions of fact, and appealed to the Court.

It further appears that when this order of reference was entered with the approval of Mr. Frazier's counsel, it was not contemplated that the report, in response to such order, must be filed by May 19, 1947. The order of reference allowed either side forty-five days from March 31 to take further proof and fifteen days thereafter to take proof in rebuttal. It seems, therefore, to have been contemplated by the parties that the report might not be filed by the beginning of the May term.

For the reasons stated, we are compelled to reverse the decree of the Court of Appeals and affirm that of the Chancellor with costs adjudged against Mr. Frazier and the surety on his bond.

All concur.