# DON HUNTINGTON et al. v. JOHN LUMPKIN et al.—
## 281 S. W. (2d) 403.

June 15, 1954.

Petition for Certiorari denied by Supreme Court, December 17, 1954.

Petition to Rehear denied by Supreme Court March 11, 1955.

Graham Moore, and Marvin H. Hawks, both of Memphis, for complainant.

Feurstein, Fleet & Feibelman, of Memphis, for defendants.

BEJACH, J. The parties will be styled as in the lower Court, complainant and defendant.

The original bill was filed in this cause December 18, 1951 by Don Huntington and Ralph W. Kuehl. The bill is divided into five counts. This is criticized in the defendant's answer but becomes immaterial, even if it

were otherwise objectionable, because an amended and supplemental bill was later filed which includes all the allegations of the five counts of the original bill, with appropriate alternative relief prayed.

The basis of complainant's suit is an effort to recover on the two notes, one for $627.34 and the other for $2,155.-21. Alternative relief is sought with reference to each of the notes by suing on the accounts claimed to have been settled by execution of the notes. There is also a suit set out in the fifth count of the original bill, seeking to set aside as a fraudulent conveyance, a deed made by defendant, John Lumpkin, to his wife, Lucienda Lumpkin. This last was not pressed in the lower Court and need not be considered by this Court. The defendants, John Lumpkin and Lucienda Lumpkin, his wife, have filed separate answers to both the original bill and the amended and supplemental bill. Denial is made of the accounts based on alleged contracts between complainant and defendant, John Lumpkin, and defense is made to the notes, the $2,-155.21 note being alleged to have been executed under duress, and the smaller note of $627.34, as a result of fraud, and without consideration. A jury was demanded by defendants. When the cause came on for hearing on June 20, 1952, however, the Chancellor was of the opinion that there were no issues to be tried by the jury and ordered a reference to the Clerk and Master. No objection to this order was taken at the time by either of the parties. The order of reference contains the "O.K." of solicitors for both complainant and defendant, and solicitors for defendants treat the matter as being an informal waiver of their demand for a jury. The Master made his report September 30, 1952. In his report, he says that there was a contract made by defendant, John Lumpkin, with

complainant for building a house at 765 Hamilton Street, Memphis, Tenn. and that as a result of alterations and work done by complainants, complainants had expended the sum of $627.34 to complete defendant's contract. The report finds that there was no contract between complainants and defendant, John Lumpkin, for the construction of the house at 2797 Yale Avenue. Complainants obtained an order extending time in which to file exceptions to the report of the Master and later filed exceptions to the Master's report. On October 25, 1952, complainants made a motion to withdraw the matter from the Master and in the alternative to re-refer the matter to the Master for additional findings. There was still, however, no objection on the part of complainants to the jury having been waived. On December 3, 1952, the Chancellor overruled that part of the complainant's motion seeking to withdraw the issues from the Master, but granted the second part of the motion and re-referred the matter to the Master with instructions to report as to whether the notes sued on in this cause were executed under duress or were without consideration. Complainant excepted to the order overruling the first part of the motion. On March 11, 1953, the Master made his second report. In this report, he says that the $627.34 note was withdrawn from the reference by authority of counsel. With reference to the $2,155.21 note, he finds that same was executed under duress and was without consideration. Exceptions were filed and the matter came on for hearing on the report on March 11, 1953. Exceptions recite that Lumpkin withdrew the claim that the $627.34 note was executed under duress, and maintain that same should therefore be treated as evidence of settlement on the Hamilton Street account. The Chancellor overruled the exceptions and confirmed the Master's report.

Conceiving that the matter had been irregularly heard, and that therefore, a motion for a new trial was necessary, complainants filed a motion for a new trial. The written motion for a new trial is not in the transcript, but, by stipulation filed in the Court of Appeals May 3, 1954, same is supplied. On October 1, 1953, the Chancellor overruled the motion for a new trial. Complainants excepted to this and prayed an appeal which was granted. Appeal bond was filed and the appeal thereby perfected on Oct. 3, 1953, the last day of the April term, 1953. An order appears in the transcript under date of December 7, 1953 in which the Chancellor overruled and denied a motion of the complainants to enter a final decree, the Chancellor being of the opinion that the appeal having been perfected, he no longer had jurisdiction of the cause.

Complainant, Don Huntington, has made four assignments of error in this Court. It should be noted that the complainant, Ralph W. Kuehl, did not appeal. The assignments of error are:

1. It was error for the Chancellor to refer the main issues in this cause to the Master;

2. It was error for the Chancellor to confirm the report of the Master;

3. It was error for the Chancellor to overrule complainant's motion for a new trial;

4. It was error for the Chancellor to refuse to enter a final decree on his approval of the Master's report.

Taking up Assignment 4, first, it is the opinion of this Court that it must be overruled. When the motion to enter a final decree was made December 7, 1953, more than sixty days had elapsed after the appeal from the order overruling the motion for a new trial had been perfected on October 3, 1954. The new term had begun

on October 5, 1953. On October 3, 1953 (certainly after October 5, 1953, the date of the beginning of the next term), the appeal having been perfected by the filing of the appeal bond during the previous term, the Chancellor was without authority to make any further orders or decrees in this cause. The jurisdiction had passed to the Court of Appeals.

In the case of Davis v. Jones, 40 Tenn. 603, the Supreme Court said:

"The Court can not, after it has lost jurisdiction of a cause by appeal or otherwise, do things omitted to be done altogether, but it may make its record speak the truth as to things that were done but omitted to be entered."

In the case of Freeman v. Henderson, 45 Tenn. 647, the Supreme Court said:

"Upon an appeal to this Court and execution of the bond, the cause is immediately transferred to this Court, and the Court below had, after its rise, no longer any jurisdiction of the case. An entry of dismissal in the Court below by the Appellant is a nullity."

On the same subject, this Court said in the case of James v. Williams, 20 Tenn. App. 420, 99 S. W. (2d) 831:

"Lower court has no jurisdiction after an appeal is prayed and perfected, except on remand by appellate court, and an order made thereafter by the lower court is void."

Although eminently correct in result, the order of December 7, 1953 overruling and denying the motion to enter final decree which is included in the transcript of this cause, is void, and the result is the same as if no further action had been taken after October 3, 1953.

The motion to enter a final decree might properly have been ignored and no order denying same or allowing another appeal from the action of the Court entered. In any event all proceedings in this cause after October 3, 1954 except the preparation and filing of the bill of exceptions must be treated as null and void.

We now take up Assignments of Error 1, 2, and 3. These, as well as the motion for new trial (supplied in this Court by stipulation), all question the propriety of the Chancellor's having referred main issues in this cause to the Master, and the propriety of the Chancellor's confirmation of the Master's report, after such reference.

Appellant's brief cites: Gibson's Suits in Chancery, Sec. 596, Ingram v. Stein, 23 Tenn. App. 105, 126 S. W. (2d) 891; Reed Bros. Stone Co. v. Pittman Construction Co., 20 Tenn. App. 552, 555, 101 S. W. (2d) 478; Robichaud v. Smith, 33 Tenn. App. 651, 232 S. W. (2d) 576, and Allen v. Elliott Reynolds Motor Co., 33 Tenn. App. 179, 230 S. W. (2d) 418.

The most that can be made of these decisions in support of appellant's contention, however, is, that they may be considered as authorities for the proposition that where main issues have been referred to the Master in advance of the hearing by the Chancellor, the rule that a concurrent finding by the Master and the Chancellor is conclusive as to the facts and has the same effect as a jury verdict, is not applicable. In this situation, the most that could be asked at the hands of this Court, even if a complete and comprehensive final decree had been entered, would be to have the cause treated as if being heard *de novo*. In this Court, the Chancellor's decision overruling exceptions to the Master's report and in approving same, if carried forward into a final decree, would, in any event, stand before this Court as *prima facie* correct.

■ In the opinion of this Court, in that aspect, the instant case is controlled by the decision of the Supreme Court in Smith v. Frazier, 189 Tenn. 71, 222 S. W. (2d) 367. This was a case in which suit was brought on a judgment of a Justice of the Peace, and in the alternative, a prayer for reference and accounting was made. In the Chancery Court, the defense was made that the judgment of the Justice of the Peace was void, and a cross-bill was filed. The Chancellor ordered a reference which resulted in favor of the contentions of the defendant and cross-complainant. On appeal to the Court of Appeals, the Court of Appeals, although ruling that there was evidence to support the findings of the Master and the Chancellor, nevertheless, was of opinion that the judgment of the Justice of the Peace had been valid. It reversed the Chancellor and entered a decree on that basis, in favor of appellant. Certiorari was granted by the Supreme Court, and the action of the Court of Appeals was reversed and the judgment of the Chancellor reinstated. The questions involved, by reason of failure to object to the reference until after the report of the Master and the ruling of the Chancellor thereon, are almost completely analogous to those presented in the instant case. In the case of Smith v. Frazier, 189 Tenn. 71, at page 74, 222 S. W. (2d) 367, at page 368, Tomlinson, J., speaking for the Supreme Court said:

"There was no exception of any character by Frazier to the entry of either of these orders. To the contrary, his solicitors approved, over their signatures on the last order of reference by the following language: 'O. K. for Entry'. * * *

"It is to be noted that the exceptions of Frazier do not complain that the Court erred in ordering

the reference to take and state the account, but only that the report is not correct and went beyond the order of reference.''

Objection to the report as such, was made only after the Master's report was confirmed and judgment entered. The Court of Appeals found that the evidence amply supported the Chancellor's and the Master's ruling and that the pleadings were ample to justify the decree of $133.96 in favor of cross-complainant, but proceeded to discuss the evidence and found that Smith and wife should have been held bound by the judgment of the Justice of the Peace which had been attacked in the cross-bill. Discussing this question further, for the Supreme Court, Tomlinson, J., 189 Tenn. at pages 77 to 79, 222 S. W. (2d) at page 369, said:

"The question of law presented by the situation just stated is whether Frazier first, by approving the order of reference, and, second, by his failure to except to the entry of the order directing the taking of an account until after the Chancellor had concurred in the Master's finding, did thereby waive any right to insist that the Magistrate's judgment was valid and thereby precluded the taking of an account upon the transaction on which that judgment was based. The Court of Appeals apparently was of the opinion that it did not so preclude Frazier.''

After discussing Simonton v. Buchanan, 61 Tenn. 279; Scales v. James, 9 Tenn. App. 306; and Reed Bros. Stone Co. v. Pittman Construction Co., 20 Tenn. App. 552, 101 S. W. (2d) 478, Tomlinson, J. said further:

"From that which has hereinabove been said, it is apparent that Frazier waived any right to rely upon the validity of the judgment of the magistrate

by consenting to the order of reference and by his failure to except to that order directing the taking of an account between the parties, and by his continuing to withhold such exception until the Chancellor had concurred with the findings of the Master in the latter's report adverse to the contentions of Frazier. * * *

"For the reasons stated, we are compelled to reverse the decree of the Court of Appeals and affirm that of the Chancellor with costs adjudged against Mr. Frazier and the surety on his bond."

The same result must be reached in the instant case, with reference to Don Huntington, as was reached by the Supreme Court, with reference to Frazier in the case of Smith v. Frazier.

There remains, then, in the instant case, only the question as to whether the decree appealed from October 3, 1953 may be treated as a final decree from which the complainant could appeal as a matter of right, or in the alternative, as a decree from which the Chancellor might allow a discretionary appeal.

As set out in Gibson's Suits in Chancery, 4th edition, by Higgins and Crownover, in Section 1265 of same, the law applicable to appeals is stated:

"An appeal may be had in Chancery when allowed by the Chancellor in cases subject to his discretion or when obtained as a matter of right.

"(1) Appeals as a matter of discretion. The Chancellor may in his discretion, allow an appeal; (1) from a decree determining the principles involved and ordering an account or sale or petition before the account is taken, or the sale or petition is made (and as amended by Chapter 154 of Public Acts of

1953, or other character of reference had) ; or (2) he may allow an appeal on over-ruling a demurrer or (3), he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others. An appeal by the Complainant will not lie, however, from a decree dismissing the Bill on demurrer as to some of the Defendants or over-ruling a plea in abatement, but it will lie on application of a Defendant whose demurrer has been over-ruled, the cause remaining in the Chancery Court as to the other Defendants.

"(2) Appeals as a matter of right, lie only from final decrees. Any party dissatisfied with such decree may appeal from it. A decree is final when it so disposes of the cause that nothing remains to be done, but to issue the final process awarded. * * *

"No appeal will lie, even by consent of the Chancellor, and of the parties, from an interlocutory order or ruling, such as:

"(6) orders sustaining or over-ruling exceptions to reports or to other action of the Master:

"(11) orders refusing or allowing a new trial by jury;

"(13) nor from any other order that is interlocutory, except an order over-ruling a demurrer." Gibson's Suits in Chancery, 4th edition, Section 1265; Code Sec. 9038, as amended by Chapter 154, Pub. Acts 1953.

The case of Moore v. Churchwell, 27 Tenn. App. 443, 181 S. W. (2d) 959, 961, is cited as authority for treating the appeal granted in the instant case as having been properly allowed by exercise of the Chancellor's discre-

tion in that regard. In that case, Ketchum, J., speaking for the majority of this Court, said:

"(2) The discretion vested in the Chancellor to grant or refuse an appeal in any of the cases specified in this statute will not be reviewed in the appellate courts except for a clear and flagrant abuse of his discretion. Mr. Gibson in Section 1302 of his Suits in Chancery lays down the rule that 'The appellate courts will not reverse a decree on a question of the Chancellor's discretion, unless the exercise of such discretion was not only clearly erroneous, but oppressive.'

"And our Supreme Court in construing this same statute in Crawford v. Aetna Life Insurance Co., 59 Tenn. 154, said that 'Even if it were clear that this court might for the abuse of that discretion, dismiss the appeal, it would require a very gross and palpable case of abuse to call for our interference. This, in our judgment, is not such a case.' "

The case of Capshaw v. Town of Cookeville, 185 Tenn. 96, 203 S. W. (2d) 369, 371, involved an appeal from an order denying a rehearing as to final decree previously entered in that case. In a ruling that such appeal did not bring up the former decree nor the entire record in that case, Gailor, J., speaking for the Supreme Court, said:

"Where, as here, exception is taken and appeal perfected only from the action of the Chancellor in denying a rehearing, and no appeal is taken from the decree, final on the main issues and as such appealable (Gibson's Suits in Chy., sec. 1265; Code sec. 9038), the appeal, which is expressly limited and addressed only to the action of the Chancellor in denying a rehearing, does not bring up the original decree nor the entire record."

■ The facts of the Capshaw case may be distinguished from those of the instant case. If, however, the decree overruling the motion for a new trial be considered as approving the Master's report and be treated as, in substance and in fact, a final decree, then no such distinction is necessary. In that view, the appeal in the instant case may properly be considered as having brought to this Court all matters included in the entire record.

The Master's first report had found as a fact that defendant Lumpkin was indebted to complainant Huntington, in the sum of $627.34 for alterations, and extra work in connection with completion of Lumpkin's contract to build a house at 765 Hamilton St., Memphis, Tenn., but that no contract existed for construction of a house at 2797 Yale Ave. On the second reference, the Master reported as to the note for $2,155.21 that it had been executed under duress and was without consideration; but with reference to the note for $627.34 he reported that by consent of counsel it had been withdrawn from the reference. The order entered Sept. 28, 1953 recites:

"It appearing to the Court, that the exceptions to the Master's report in this cause must be, in all respects overruled and the report of the Master filed herein be approved, it is therefore ordered, adjudged, and decreed that the report of the Master filed herein be and the same is hereby approved in all respects."

Complainant excepted to that order and thereafter on October 1, 1954, after complainant's motion for a new trial had been overruled, an order was entered which contained this recital:

"To the action of the court in refusing to set aside the decree of the court approving and confirming the Master's report and in refusing to grant Complain-

ant, Don Huntington, a new trial and submit the case to the jury, Complainant, Don Huntington, excepts and prays an appeal to the Court of Appeals at Jackson, which appeal is by the Court granted, upon Complainant, Don Huntington, executing a bond as provided by law or taking the oath in lieu thereof.''

█ It will be noted that the first reference dealt only with complainant's claims against defendant based on contracts and accountings, while the second reference dealt exclusively with the two notes alleged to have been executed in settlement of these accounts. The Master's first report having found as a fact that there was no contract for the building of a house on Yale Ave., and his second report having found as a fact that the note for $2,155.21 alleged to have been executed in settlement of the Yale Ave. contract, was executed under duress and was without consideration, it follows that upon the Chancellor's overruling exceptions to the report and confirming same, complainant's suit as to this item had failed, whether the suit be considered as on account or on the note for $2,155.21. On the other hand, with reference to the suit for $627.34, the Master's first report having found as a fact that this amount was due from defendant to complainant for alterations and extra work on the Hamilton St. house which defendant had contracted to build, and the defense of fraud and no consideration for the execution of the $627.34 note having been withdrawn by consent from the second reference, it follows, equally as conclusively, that when the Chancellor approved the Master's report in all respects, that complainant, by necessary implication, was entitled to a decree for $627.34.

█ It would be a useless and unnecessary formality to remand this cause to the Chancery Court of Shelby

County, merely for the purpose of having a decree entered there for $627.34 against defendant, John Lumpkin, and in favor of complainant, Don Huntington. Instead of doing that, this Court will simply enter such decree here.

All of appellant's assignments of error will be overruled and a decree in favor of complainant and appellant, Don Huntington, and against defendant and appellee, John Lumpkin, in the sum of $627.34 will be entered in this court. In all other respects this cause is affirmed.

The costs of the lower Court and of the appeal are adjudged against the appellant, Don Huntington and his sureties on the cost and appeal bonds.

Avery, P. J. (W. S.), and Carney, J., concur.

### On Petition to Rehear.

BEJACH, J.   This Court has heretofore delivered its opinion in this case on June 15, 1954. Pursuant to that opinion, a decree was entered in this Court in favor of the original complainant, Don Huntington, and against the original defendant, John Lumpkin in the sum of $627.34.

Subsequent to the entry of the said decree for $627.34, the original defendant, John Lumpkin, the appellee in this Court, has filed a petition to re-hear, claiming that the judgment should have been for $277.34 instead of for $627.34. The basis of the contention asserted in the petition to rehear is that this Court failed to allow a credit of $350 which is clearly indicated by the first report of the Clerk and Master in the Chancery Court of Shelby County, Tennessee, exceptions to which report of the Clerk and Master were overruled by the Chancellor. Solictors for the original complainant, Don Huntington,

have filed an answer to the petition to rehear, contending that the credit should not be allowed because the suit in this cause was on a promissory note for $627.34 given in settlement of the building contract on the Hamilton St. project. This objection is without merit in the instant case, where the note in question is still in the hands of the original holder, although it would be well taken if the note in question were in the hands of a holder in due course suing on same. The very basis of the Chancellor's reference in the first instance was that since the suit was on notes purporting to have been given in settlement of building contracts and said notes were still in the hands of the original holders, that a reference was proper, and same was accordingly ordered at that time. The Master's report on the first reference in this cause, found as a fact that there was a contract for the building of a house on Hamilton St., the contract price of which was $4,910 and that the complainant had paid out on same for labor and material, the total sum of $5,547.34. Subtracting $4,910 from $5,547.34, the amount so paid by complainant, the difference is $637.34, not $627.34. The same report found as a fact, in response to a query on that subject, that there were alterations in the original specifications for the construction of the house on Hamilton St., the cost of the changes in the floor plans and blueprints, amounting to $350. (Record p. 271.)

This item of $350 was simply overlooked by this Court in its opinion heretofore delivered. Obviously, the cost of making changes and alterations in a contract should be added to the contract price. Adding this $350, then, to the contract price of $4,910, the revised or amended contract price becomes $5,260. This is the sum which should be subtracted from the amount found by the Master to have been paid out by complainants, namely,

$5,547.34, thus making the net amount due from defendant, John Lumpkin, to the complainant, Don Huntington, $278.34. This revision simply amounts to correction of a clerical error.

■ Apparently, there were two errors. The note purporting to have been taken for the difference, instead of being taken for $637.34 was taken for $627.34. The credit of $350 which is allowed by the granting of this petition to rehear, however, should be credited not on the note, but on the contract price of $4,910 plus the $350 representing the cost of alterations, making the net balance due complainant, $287.34.

The petition to rehear is granted and the decree for $627.34 heretofore entered in this Court in this cause will be reduced to the sum of $287.34. In all other respects, the opinion of this Court in this cause, and the decree entered here, pursuant to said opinion, will remain unchanged.

Avery, P. . (W. S.), and Carney, J., concur.